CARLISLE PACKING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55209, 64926.   Promulgated December 6, 1933.

*Chas. A. Wallace, Esq.*, and *George B. Whittle, C. P. A.*, for the petitioner.

*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding has been brought to test the correctness of the respondent's determination that a profit was made by petitioner in the disposition of certain of its plants and equipment to the Bank of California, National Association, during the fiscal year 1927. Deficiencies have been asserted for the fiscal years November 30, 1927, 1928, and 1929 in the respective amounts of $12,429.82, $1,435.49, and $1,473.88. It is petitioner's contention that the disposition of its plants and equipment in 1927 under the circumstances hereinafter related did not result in taxable gain, and that, if respondent's determination is corrected in this particular, then by reason of the net loss provisions of the statute the deficiencies for the fiscal years ended November 30, 1928 and 1929 will be wiped out. The evidence presented consisted of a stipulation of facts and the oral testimony of several witnesses.

It appears that the petitioner is a corporation, organized and existing under the laws of the State of Washington, and for a number of years has been engaged in the business of salmon fishing and packing, with plants in both Alaska and the State of Washington. The company had been successfully operated, particularly during the years 1917, 1918, and 1919, and on January 20, 1920, its book surplus was $1,017,749.22. Thereafter and for the next five years the petitioner suffered heavy losses. For the fiscal year ended November 30, 1926, it had net income of $24,982.28, without adjustment for losses of previous years. In order to carry on it started in 1920

to borrow various sums from the Bank of California, National Association (Seattle branch), and by February 15, 1927, its indebtedness to that institution approximated $1,250,000, evidenced by promissory notes made by petitioner and its president and sole stockholder, Frank Wright.

Early in 1927 the Bank of California advised Wright that the bank would not finance petitioner during the coming fishing season and demanded that petitioner liquidate its indebtedness to the bank. After some negotiations petitioner agreed to and did transfer and convey to the Bank of California its canneries at Cordova and Bristol Bay, Alaska, together with certain equipment, boats, docks, land, etc., all of which is set forth and described in an instrument of transfer which was introduced in evidence as exhibit A to the stipulation of the parties. All of the property was taken over by the Bank of California at an agreed price of $650,000 and at the same time petitioner was given its canceled notes in that amount. This transaction was consummated on February 15, 1927. Thereafter, and on or about February 21, 1927, the Bank of California completed negotiations begun about February 1, 1927, and sold the plant and equipment, etc., at Cordova, Alaska, to the New England Fish Co. for the sum of $300,000; and on or about February 22, 1927, the bank sold the Bristol Bay plant and equipment, etc., to the Alaska Packers Association for the sum of $350,000, making a total of $650,000. The respondent determined that the depreciated cost of the property sold, both tangible and intangible, was $346,106.87, and the petitioner apparently does not dispute this figure. Based thereon the respondent determined that the petitioner realized a profit by the above described transaction in the amount of $303,893.13.

It seems to us that on these facts the respondent must prevail. If the petitioner had directly sold the assets in question for $650,000 in cash and had used the money to pay the bank, there would be no question but that the profit so realized was taxable. It is none the less realized where the petitioner had first received the money by way of borrowed funds. The cancellation of petitioner's indebtedness to the Bank of California in the sum of $650,000 constituted a realization of gain on the disposition of its property. Cf. *United States* v. *Kirby Lumber Co.*, 284 U.S. 1. In *Hagan Corp.*, 21 B.T.A. 41, the taxpayer delivered stock of another corporation, that cost it $16,000, to its creditor and received its notes in the face amount of $31,901.03, which it had given the creditor in a prior year. We sustained the Commissioner's determination that a profit of $15,901.03 had been realized on the transaction, saying in part:

The petitioner gave value for what it got and it received a valuable consideration for what it gave. It had a gain derived from capital, from labor, or from both combined. *Eisner* v. *Macomber*, 252 U.S. 189. A solvent corpo-

ration had its outstanding notes in the amount of $31,901.03 returned to it for some services performed and/or some stock which cost it $16,000. It does not matter if, as contended by the petitioner, these notes were originally given for a capital asset. We are not particularly concerned with the original transaction nor with the proper treatment of what was acquired in that transaction. It is sufficient for present purposes to know that after the petitioner received its own notes, it had income or a profit amounting to $15,901.03 which it has never reported for tax purposes and which it could not have reported properly at any other time.

We accordingly hold that petitioner realized taxable profit on the transaction here involved, and

*Decision will be entered for the respondent.*