## KELLY v. UNITED STATES et al.
### No. 7942.

Circuit Court of Appeals, Ninth Circuit.
May 10, 1937.

Stratton, Leader, Little & Stratton, of Seattle, Wash., and Ralph O. Olson, of Bellingham, Wash., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Clarence Dawson, and Frank J. Ready, Jr., Sp. Assts. to Atty. Gen., and J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellees.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This case has been heretofore twice considered by this court. As originally brought here, the record contained neither

a statement of the evidence nor a statement of the case, within the requirements of Equity Rules 75(b) and 77 (226 U.S. 672, 286 U.S. 570, 28 U.S.C.A. following section 723). It contained a so-called abstract of what purported to be evidence, but this was not certified or otherwise authenticated by the District Court. Since the questions raised could not be decided without examining the evidence, we indulged the presumption of correctness and affirmed the District Court's judgment. 83 F.(2d) 783.

Thereafter we denied a petition for rehearing in which it was suggested that the record be returned to the District Court for settlement and authentication of the so-called abstract as a statement of evidence. 84 F.(2d) 541. The Supreme Court granted certiorari, reversed our judgment, and directed us to return the record to the District Court for authentication. 57 S.Ct. 335, 81 L.Ed. ——. That has been done, and now, for the first time, we have before us the evidence on which the District Court based its judgment.

In the case of Carlisle Packing Company, a corporation, the Commissioner of Internal Revenue determined that there was a deficiency in respect of the income tax imposed by title 2 (sections 200–286) of the Revenue Act of 1926, 44 Stat. 10–69, for the year 1927, and that there were deficiencies in respect of the income tax imposed by title 1 (sections 1–322) of the Revenue Act of 1928, 45 Stat. 795–862 (26 U.S.C.A. §§ 1–322 and notes), for the years 1928 and 1929. As determined by the Commissioner, these deficiencies were in the respective amounts of $12,429.82, $1,435.49, and $1,473.88, being a total of $15,339.19. Deficiency notices were mailed, pursuant to section 274(a) of the Revenue Act of 1926, 44 Stat. 55, and section 272(a) of the Revenue Act of 1928, 45 Stat. 852 (26 U.S.C.A. § 272(a) and note).[1] Within the 60-day period allowed by those sections, the corporation petitioned the Board of Tax Appeals for a redetermination of the claimed deficiencies. There were two such petitions. One, relating to the 1927 deficiency, was filed on April 2, 1931. The other, relating to the 1928 and 1929 deficiencies, was filed on April 22, 1932. The two were consolidated and heard together on September 15, 1933.

In its petitions for redetermination, and at the hearing before the Board, the corporation contended that it had no taxable income in 1927, but suffered losses in that year sufficient to offset any taxable gains realized by it in 1928 and 1929. The Board, in an opinion promulgated December 6, 1933, rejected this contention, and on January 4, 1934, rendered its decision[2] sustaining the Commissioner's determination as to each of the claimed deficiencies. Carlisle Packing Co. v. Com'r, 29 B.T.A. 514. There was no petition to review the Board's decision.

On January 10, 1934, a State Court of Washington appointed a receiver for the corporation. Because of such appointment, the Commissioner on January 12, 1934, made a summary assessment of the above mentioned deficiencies, with interest, as required by section 282(a) of the Revenue Act of 1926, 44 Stat. 62, and section 274(a) of the Revenue Act of 1928, 45 Stat. 856 (26 U.S.C.A. § 274(a) and note).[3] The total amount of the assessment was $20,515.52. On January 19, 1934, a petition praying that the corporation be

---

[1] Section 274(a) of the Revenue Act of 1926, 44 Stat. 55, and section 272(a) of the Revenue Act of 1928, 45 Stat. 852 (26 U.S.C.A. § 272(a) and note), provide: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [chapter], the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed, . . . the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. . . ." Similar provisions are contained in section 272(a) of the Revenue Acts of 1932 and 1934, 47 Stat. 233, 48 Stat. 741 [26 U.S.C.A. § 272(a) and note].

[2] There were two decisions, one relating to the 1927 deficiency, the other to the 1928 and 1929 deficiencies. The two decisions are here treated as one.

[3] Section 282(a) of the Revenue Act of 1926, 44 Stat. 62, and section 274(a) of the Revenue Act of 1928, 45 Stat. 856 (26 U.S.C.A. § 274(a) and note), provide: "Upon the . . . appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State . . ., any deficiency (together with all interest . . . provided for by law) determined by the Commissioner in respect of a tax imposed by this title [chapter] upon such taxpayer shall . . . be immediately assessed if such deficiency has not theretofore been assessed in accordance with

adjudged an involuntary bankrupt was filed in the District Court. On February 9, 1934, the District Court made such adjudication and, on the same day, referred the matter to a special referee in bankruptcy. Thereafter, on a date which the record does not disclose, appellant was appointed as trustee of the bankrupt estate.

On June 1, 1934, the United States presented to the bankruptcy court its claim for the taxes and interest which the Commissioner had assessed against the bankrupt on January 12, 1934. To this claim appellant on June 18, 1934, filed objections, asserting that the bankrupt received no taxable income in 1927, but suffered losses sufficient to offset any gains realized by it in 1928 and 1929. Thus, by his objections, appellant attempted to raise in the bankruptcy court the same question which the bankrupt had raised before the Board of Tax Appeals, and which the Board had decided adversely to the bankrupt.

There was a hearing before the referee. In support of its claim, the Government offered, and the referee received in evidence, a certified copy of the opinion and decision of the Board of Tax Appeals and of the assessment above referred to. Evidence offered by appellant in support of his objections to the Government's claim was objected to by the Government on the ground that the Board's decision was final and conclusive. The referee overruled the Government's objection, received appellant's evidence and on December 31, 1934, made an order disallowing the Government's claim.

The Government filed exceptions to the referee's order and a petition for review and disaffirmance thereof, and for allowance of its claim. The petition was heard by and submitted to the District Court on the evidence theretofore taken by the referee, including the bankrupt's tax return for 1927. Also, pursuant to stipulation, the court received in evidence the bankrupt's tax returns for 1928 and 1929. By its judgment, entered May 6, 1935, the court disaffirmed the referee's order and allowed the Government's claim. In re Carlisle Packing Co. (D.C.) 12 F.Supp. 11, 14. This appeal followed.

■ The District Court correctly held that it had no jurisdiction to review the decision of the Board of Tax Appeals. Jurisdiction to review that decision was vested in this court. Section 1001(a) of the Revenue Act of 1926, 44 Stat. 109, as amended by section 1101(a) of the Revenue Act of 1932, 47 Stat. 286 (26 U.S.C. A. § 642 and note), provides: "The decision of the Board rendered after [February 26, 1926] . . . may be reviewed by a Circuit Court of Appeals, . . . if a petition for such review is filed by either the Commissioner or the taxpayer within the three months after the decision is rendered."

Section 1003(a) of the Revenue Act of 1926, 44 Stat. 110 [26 U.S.C.A. § 641(a) and note], provides: "The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the Board (except as provided in section 239 of the Judicial Code, [section 346 of Title 28] as amended);[4] and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari." Section 1005(a) of the Revenue Act of 1926, 44 Stat. 110 (26 U.S.C. A. § 640(a), (b) (1–3), provides that the decision of the Board shall become final:[5]

"(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; or

"(2) Upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Board has been affirmed or the petition for review

---

law. . . ." A similar provision is contained in section 274(a) of the Revenue Acts of 1932 and 1934, 47 Stat. 237, 48 Stat. 744 [26 U.S.C.A. § 274(a) and note].

4 Section 239, as amended, 43 Stat. 938 (28 U.S.C.A. § 346), provides for the certification of questions of law by the Circuit Court of Appeals and the Court of Appeals of the District of Columbia to the Supreme Court of the United States.

5 Section 274(h) of the Revenue Act of 1926, 44 Stat. 56, and section 272(h) of the Revenue Acts of 1928, 1932 and 1934, 45 Stat. 854, 47 Stat. 235, 48 Stat. 742 [26 U.S.C.A. § 272(h) and note], provide: "For the purposes of this title [chapter] the date on which a decision of the Board becomes final shall be determined according to the provisions of section 1005 [of the Revenue Act of 1926 (section 640)]."

dismissed by the Circuit Court of Appeals and no petition for certiorari has been duly filed; or

"(3) Upon the denial of a petition for certiorari, if the decision of the Board has been affirmed or the petition for review dismissed by the Circuit Court of Appeals; or

"(4) Upon the expiration of 30 days from the date of issuance of the mandate of the Supreme Court, if such Court directs that the decision of the Board be affirmed or the petition for review dismissed."

■ In this case, the Board's decision was rendered on January 4, 1934. The taxpayer was adjudged a bankrupt on February 9, 1934. The time within which a petition for review might have been filed expired on April 4, 1934. No petition having been filed, the Board's decision became final on that date. The Government's claim was presented to the bankruptcy court on June 1, 1934. The question here presented is whether the Board's decision was conclusive on the bankruptcy court. We think it was.

■ Appellant relies on section 282(a) of the Revenue Act of 1926, 44 Stat. 62, and section 274(a) of the Revenue Act of 1928, 45 Stat. 856 (26 U.S.C.A. § 274(a) and note), which provide: "Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding . . . , any deficiency (together with all interest . . . provided for by law) determined by the Commissioner in respect of a tax imposed by this title [chapter] upon such taxpayer shall . . . be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. . . . Claims for the deficiency and such interest . . . may be presented, for adjudication in accordance with law, to the court before which the bankruptcy . . . proceeding is pending, despite the pendency of proceedings for the redeter-mination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy.[6] . . . ."

Although, in this case, the adjudication of bankruptcy occurred after the petitions for redetermination had been filed and after the Board's decision had been rendered, the time within which a petition for review might have been filed had not then expired. Appellant contends, therefore, that the proceedings for redetermination were still "pending," within the meaning of sections 282(a) and 274 (a), supra. Assuming, without deciding, that the proceedings were still pending at the time of adjudication, they were not pending at the time the Government's claim was presented to the bankruptcy court. As before stated, the Board's decision was rendered on January 4, 1934, and became final on April 4, 1934. The Government's claim was presented to the bankruptcy court on June 1, 1934, almost two months after the decision became final.

Appellant relies also on section 64a of the Bankruptcy Act, as amended 44 Stat. 666 § 15 [11 U.S.C.A. § 104(a)], which provides: "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, . . . and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

■ There is no merit in appellant's contention that, under this section, the bankruptcy court could and should have determined the question which he attempted to raise by his objections to the Government's claim. Having been previously determined by a final decision of the Board of Tax Appeals, that question did not and could not "arise" in the bankruptcy court.

Judgment affirmed.

[6] A similar provision is contained in section 274(a) of the Revenue Acts of 1932 and 1934, 47 Stat. 237, 48 Stat. 744 [26 U.S.C.A. § 274(a) and note].