**MONJAR v. HIGGINS, Collector of Internal Revenue.**

**No. 70.**

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1943.

See, also, D.C. 45 F.Supp. 303.

Frank C. Myers, of New York City (Paul F. Myers and James Craig Peacock, both of Washington, D. C., of counsel), for appellant.

Mathias F. Correa, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The appellant brought his action against a collector of internal revenue to recover income tax payments for the years 1926 and 1927. Upon the defendant's motion the complaint was dismissed for lack of jurisdiction in so far as it concerned taxes for the year 1927. This appeal presents the correctness of that ruling and raises interesting questions under section 282 of the Revenue Act of 1926, 44 Stat. 62, 26 U. S.C.A. Int.Rev.Acts, page 214, and section 322(c) of the 1928 Act, 45 Stat. 862, 26 U.S.C.A. Int.Rev.Acts, page 436. The facts which bring those sections into play must first be stated.

The appellant duly filed an income tax return for 1927 and paid the tax thereon shown to be due. Upon an audit of his return, the Commissioner of Internal Revenue determined a large deficiency and mailed notice thereof on November 23, 1929. The taxpayer promptly appealed to the United States Board of Tax Appeals and the case was set for hearing on the merits May 31, 1932. When it was called for trial on that date, no one appeared on behalf of the taxpayer and the Board granted the Commissioner's motion to dismiss for lack of prosecution. The Board's order, which was entered on June 2, 1932, dismissed the proceeding and redetermined the deficiency found by the Commissioner. No attempt was made to have the default opened or to obtain a court review of the order. The taxpayer, on May 19, 1932, had been adjudged a voluntary bankrupt. Consequently the Commissioner, acting pursuant to section 282 of the Revenue Act of 1926, on June 18, 1932, assessed the deficiency plus interest making a total assessment of $116,-348.43. A proof of claim therefor was filed on July 8, 1932 with the referee in bankruptcy to whom the taxpayer's bankruptcy proceeding had been referred. No objection was filed to this claim or to claims of other creditors, and neither the tax claim nor any other was ever adjudicated by allowance or rejection in the bankruptcy proceeding. The bankrupt did not apply for nor receive a discharge in bankruptcy. The final report of the referee in bankruptcy, dated July 20, 1935, discloses that the trustee in bankruptcy had received only $56.03 of assets and had disbursed all except $3.36, which the referee recommended should be retained by the trustee as commissions. The referee's report was thereafter confirmed by the district court, and on January 29, 1936 the bankruptcy proceeding was formally closed. Beginning in May 1936 and continuing to May 1940 the defendant collected from the taxpayer on account of the deficiency assessment for 1927 and interest thereon sums aggregating $173,280.99. On December 13, 1939 and July 24, 1940, the taxpayer filed claims, aggregating $169,780.99,[1] for refund of the 1927 income tax deficiency collected from him. These claims were rejected by the Commissioner. The present action was then brought. The complaint was drawn with alternative counts. The first count sought recovery of $169,780.99 on the theory that all collections were illegal because the government's claim based on the deficiency assessment had not been allowed in the bankruptcy proceeding. In the alternative, the plaintiff sought in the second count recovery of $150,334.28 on the theory that the Commissioner's computation of the additional tax was erroneous by that amount.[2]

■ The merits of the plaintiff's claim are not before us. This appeal presents only the question of the jurisdiction of the district court. The appellee contends that the court is precluded from entertaining the suit by section 322(c) of the Revenue Act of 1928[3] which provides:

[1] This is $3500 less than the total collections because the first claim for refund was filed too long after payment of seven instalments of $500 each to permit their inclusion in the claim.

[2] The second count alleges that during the first ten months of 1927 the plaintiff received from a non-profit fraternal corporation $394,930 as compensation agreed to be paid him under a contract which the corporation subsequently repudiated as illegal and voidable. Thereupon the plaintiff returned to the corporation in 1927 the sum of $301,228.45 but the Commissioner nevertheless included said sum in computing the plaintiff's net taxable income, thereby illegally increasing the deficiency assessment by $150,334.28.

[3] The appellant suggests that section 284(d) of the Revenue Act of 1926, 44 Stat. 67, 26 U.S.C.A. Int.Rev.Acts, page 220, should be relied on rather than section 322(c) of the 1928 Act, 45 Stat. 862. The two sections are substantially identical. We assume that the 1928 provision is applicable because the deficiency letter

"If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except ＊ ＊ ＊"

Three exceptions are then stated, of which the first two are plainly inapplicable to the present suit. Although neither party has argued that the third applies, this is a matter to be discussed later. Disregarding it for the present, it is clear that the conditions stated in the provision above quoted were literally met; hence the suit was prohibited.

 The appellant urges that the provision is inapplicable when a tax claim has been filed in a taxpayer's bankruptcy because that matter is specifically dealt with in section 282 of the 1926 Act and section 64, sub. a of the Bankruptcy Act, 11 U.S.C. A. § 104, sub. a, then in force. Section 282, so far as pertinent, is printed in the margin.[4] Section 64, sub. a declares that "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, ＊ ＊ ＊ and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." We see nothing in these statutory provisions inconsistent with the prohibition of section 322(c) against institution of a suit for recovery of any part of a tax in respect to which the Board of Tax Appeals has acquired jurisdiction. It is true that in the event of adjudication of bankruptcy of a taxpayer while a proceeding before the Board is pending, the Board's jurisdiction to determine the amount and legality of the asserted deficiency is no longer exclusive. Those issues may be adjudicated by the bankruptcy court if the tax claim is filed and "any question arises." It may be that the bankruptcy court and the Board have concurrent jurisdiction [5] but that issue need not be here decided. Even if it be assumed, as the appellant argues, that the mere filing of the tax claim with the referee in bankruptcy ousted the Board of jurisdiction and made its antecedent order of June 2, 1932 of no effect, the appellant's suit still falls within the letter of the prohibition of section 322, and no reason appears why the literal meaning of the language should be construed away. Such a construction is not necessary to protect a taxpayer against an excessive assessment made by the Commissioner under section 282(a). If the claim is filed in the bankruptcy proceeding its amount and legality may be litigated there.[6] If it is not there filed, we think that the Board will retain

---

was mailed November 23, 1929 and the taxpayer's petition to the Board was filed January 20, 1930.

[4] "Sec. 282. (a) Upon the adjudication of bankruptcy of any taxpayer ＊ ＊ ＊ any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner ＊ ＊ ＊ shall, despite the provisions of subdivision (a) of section 274, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claim for the deficiency and such interest ＊ ＊ ＊ may be presented, for adjudication in accordance with law, to the court before which the bankruptcy ＊ ＊ ＊ proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; ＊ ＊ ＊

"(b) Any portion of the claim allowed in such bankruptcy ＊ ＊ ＊ proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within six years after termination of such proceeding."

[5] The Board has held that adjudication of bankruptcy does not oust its jurisdiction. Plains Buying & Selling Ass'n v. Com'r, 5 B.T.A. 1147; Hoffman v. Com'r, 7 B.T.A. 303; Cunningham v. Com'r, 20 B.T.A. 428; Missouri Pac. R. Co. v. Com'r, 30 B.T.A. 587; Molly-'es Doll-outfitters v. Com'r, 38 B.T.A. 1. See also Ohio Steel Foundry Co. v. United States, 38 F.2d 144, 148, 69 Ct.Cl. 158; Kelly v. United States, 9 Cir., 90 F.2d 73. Cf. Cohen v. United States, 1 Cir., 115 F. 2d 505.

[6] Since section 282(b) requires the bankrupt to pay any portion of the tax claim allowed in the bankruptcy proceeding and not paid out of the estate, we entertain no doubt that the bankruptcy court, upon application by the bankrupt, would permit him to protect his own interests, if the trustee refused to act in respect to the claim.

jurisdiction to redetermine the deficiency. Even if it be filed in the bankruptcy, it may not be prosecuted to allowance, particularly if there are no assets in the bankrupt estate; hence it would seem reasonable to believe that, upon request of the taxpayer, the Board would allow his proceeding to remain pending in order to redetermine the deficiency in the event that the bankruptcy court should not adjudicate the tax claim. Unfortunately for the appellant he allowed his default to be taken in the Board proceeding, but this cannot affect the construction properly to be given to the statutory provision under discussion. Consequently we conclude that the district court lacked jurisdiction to entertain the appellant's suit unless the complaint showed it to be within the exception stated in section 322(c) (3).

This permits a suit "as to any amount collected after the period of limitation upon the beginning of distraint or a proceeding in court for collection has expired." Since the tax claim was never "allowed" in the bankruptcy proceeding, section 282(b) is not applicable to extend the limitation period to six years after termination of the proceeding on January 29, 1936. We cannot accept the appellee's argument that the mere filing of the tax claim justifies a presumption that it was "allowed" before the proceeding was formally closed. See In re Branner, 2 Cir., 9 F.2d 883; In re Two Rivers Woodenware Co., 7 Cir., 199 F. 877. Nor do we accept the appellant's assumption that failure of the United States to obtain an allowance of its claim by the bankruptcy court forfeited its right to collect the assessment made pursuant to section 282(a).[7] Consequently the time for collection by distraint or suit would expire either six years after the date of the summary assessment of June 18, 1932 or six years after the Board's order of June 2, 1932 became final, if it did become final. See sections 278(d), 274(a) and 1005 of the 1926

Act, 26 U.S.C.A. Int.Rev.Acts, pages 209, 203, 314. It is immaterial to the present discussion which of these dates be selected. On the face of the complaint it appears that large amounts were collected after December 2, 1938. So far as the record shows such collections were barred by the statute of limitations; consequently the court apparently had jurisdiction to entertain a suit for their recovery by virtue of section 322(c) (3).

Although the appellant did not argue for reversal on this ground, we should feel disposed to grant him the benefit of it in view of the merit of the claim alleged in his second count and admitted by the defendant's motion for purposes of the jurisdictional issue, were we to base decision solely on the record on appeal. But appended to the appellee's supplemental brief is a photostatic copy of a tax collection waiver, executed by the taxpayer and the Commissioner of Internal Revenue, which extends the collection period to December 31, 1940. All of the tax payments collected by the defendant were made before this date. The appellant's supplemental reply brief does not question the validity of the waiver but asserts it is "not material to a decision" of the appeal. Consequently it appears that the error which the record discloses is really a moot question. It would be futile to reverse and remand the cause, for as soon as the tax collection waiver were submitted to the district court the court would be shown to lack jurisdiction. The appellant's only hope for recovery of overpayments of his 1927 tax liability would seem to be to apply to the Board (now entitled the Tax Court of the United States) to open his default and redetermine the deficiency; this might bring him within provisions of section 322(c) (2). But we express no opinion whether such a remedy may be available.

For the foregoing reasons the judgment is affirmed.

---

[7] In a "no assets" case, there would be no purpose in obtaining allowance of the claim except to extend the period for collection.