## SALIKOFF v. McCAUGHN.

District Court, E. D. Pennsylvania. January 31, 1928.

### No. 4265.

Internal revenue ⬡28(3)—Enforcement of jeopardy assessment may not be enjoined (Revenue Act 1926, §§ 274 [a], 279 [a], being 26 USCA §§ 1048, 1051; 26 USCA § 154).

The provision of Revenue Act 1926, § 274 (a), being 26 USCA § 1048, authorizing suit by taxpayer to enjoin assessment or collection of deficiency tax prior to 60 days after notice and demand, notwithstanding Rev. St. § 3224 (26 USCA § 154; Comp. St. § 5947), does not apply to a jeopardy assessment, made under section 279(a), being 26 USCA § 1051, enforcement of which may be stayed only by giving bond as provided in subdivision (f) thereof.

In Equity. Suit by Abraham Salikoff against Blakeley D. McCaughn, Collector of Internal Revenue. On motion for preliminary injunction. Denied, and bill dismissed.

B. I. De Young, of Philadelphia, Pa., for plaintiff.

Mark Thatcher, Asst. U. S. Atty., of Perkasie, Pa., and George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. It appears from the bill and affidavits that the plaintiff, Abraham Salikoff, made joint returns of income taxes for himself and his wife, Anna B. Salikoff, and paid the amount of such returns for the years 1919 to 1925, inclusive. The Commissioner of Internal Revenue, on September 30, 1927, made a jeopardy assessment against the plaintiff and his wife in the sum of $397,779.28 for deficiency taxes unpaid on income for the years 1919 to 1925, inclusive, with interest and penalties. On or about October 11, 1927, the collector gave notice to the plaintiff and his wife of the assessment, and made demand upon them for the amount of the taxes, interest, and penalties for each of the said years. Thereafter, on November 2, 1927, the collector served upon the plaintiff a letter of the Commissioner of Internal Revenue in the following form:

"In accordance with the provisions of section 279 (a) of the Revenue Act of 1926, there has been assessed against you an income tax, penalty, and interest amounting to $397,779.28 for the taxable years 1919 to 1925, inclusive, the details of which are set forth in the attached statement.

"In accordance with the provisions of section 274 (a) of the same act, you are allowed sixty days (not counting Sunday as the sixtieth day) from the date of the mailing of this letter within which to file a petition with the United States Board of Tax Appeals,

contesting in whole or in part the correctness of this determination."

The plaintiff, having engaged a certified public accountant to go over his books and records, and being advised by him that there were no taxes due the United States for the years 1919 to 1925, and that the assessment was erroneous, on December 28, 1927, within the 60 days allowed under section 274 (a) of the Revenue Act of 1926 (26 USCA § 1048), referred to in that letter, filed a petition with the United States Board of Tax Appeals, asking for a redetermination of the tax, and prayed that the assessment in question be stricken off. Notwithstanding the fact that the 60-day period for filing a petition with the Board of Tax Appeals had not expired, the collector, on December 16, 1927, attached and distrained certain denatured alcohol belonging to the plaintiff and intended for use by him in his business of a manufacturer of toilet supplies and articles, for which purpose he holds a permit authorizing him to withdraw specially denatured alcohol. The bill prays for a perpetual injunction and for other relief.

While section 3224, R. S. (26 USCA § 154; Comp. St. § 5947), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," it is contended on behalf of the plaintiff that he is entitled to an injunction under the provisions of section 274 (a) of the Revenue Act of 1926. That act provides as follows:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such

prohibition is in force may be enjoined by a proceeding in the proper court."

It is conceded on the part of the defendant that, unless the taxes for which demand, assessment, and distraint were made come within the exceptions set out in section 274 (a), the plaintiff having filed its petition with the Board of Tax Appeals within 60 days after the notice by letter of November 2, 1927, the assessment of deficiency taxes and the distraint were both unlawful. The government claims, however, that the procedure comes within the exception in section 279 of the Revenue Act of 1926 (26 USCA §§ 1051, 1063), which provides for jeopardy assessment of deficiency taxes. The pertinent provisions of section 279 are as follows:

"(a) If the Commissioner believes that the assessment or collection of a deficiency [tax] will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

"(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision (a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment. * * *

"(f) When a jeopardy assessment has been made the taxpayer, within 10 days after notice and demand from the collector for the payment of the amount of the assessment, may obtain a stay of collection of the whole or any part of the amount of the assessment by filing with the collector a bond in such amount, not exceeding double the amount as to which the stay is desired, and with such sureties as the collector deems necessary, conditioned upon the payment of so much of the amount, the collection of which is stayed by the bond, as is not abated by a decision of the Board which has become final, together with interest thereon as provided in subdivision (j) of this section."

The notice to the defendant of November 2, 1927, states that the tax claim has been assessed against the plaintiff in accordance with the provisions of section 279 (a) of the Revenue Act of 1926, and the details are set forth in the statement attached. This clearly gave notice to the plaintiff that the procedure was that regulating deficiency taxes which the Commissioner believed would be jeopardized by delay. The assessment made being a jeopardy assessment, the Commissioner was re-

quired to mail the notice under section 274 (a) within 60 days after the making of such assessment. Within 60 days after notice the plaintiff had the right to file his petition with the Board of Tax Appeals for a redetermination of the deficiency. But, in order to obtain a stay of distraint for the collection of the taxes, it is not enough that he shall within the 60-day period file his petition with the Board of Tax Appeals. He may, within the 60 days, in the case of a jeopardy assessment, as in case of other deficiency taxes, file his petition with the board, but in order to obtain a stay he must comply with section 279 (f) by filing with the collector a bond conditioned upon the payment of so much of the amount, the collection of which is stayed by the bond, as is not abated by a decision of the board which has become final. The contention of the plaintiff that, through the filing of a petition with the Board of Tax Appeals within 60 days after notice, he thereby obtained a stay until the final decision of the board, is untenable. The plain intent and meaning of the provisions of section 274 and section 279 of the Revenue Act of 1926 is that, if a jeopardy assessment is made without notice, the Commissioner shall mail the notice within 60 days after making the assessment; that the taxpayer has 60 days after notice within which to file his petition with the Board of Tax Appeals, but the pendency of his petition does not operate as a stay, and the only manner in which a stay may be obtained is through filing the bond under section 279 (f) within 10 days after notice.

The motion for a preliminary injunction is therefore denied. Since it clearly appears that the prohibition contained in section 274 (a) does not apply to a case arising under section 279, and therefore section 3224, R. S., applies, and the suit may not be maintained, it is ordered that the bill be dismissed, with costs.