**Wilfred P. HAMEL**

v.

**UNITED STATES of America.**

Civ. A. No. 1474.

United States District Court
D. New Hampshire.

July 14, 1955.

Orr & Reno, Concord, N. H., for plaintiff.

Maurice P. Bois, U. S. Atty., Concord, N. H., Harlan Pomeroy, Washington, D. C., for defendant.

CONNOR, District Judge.

This action, for a tax refund, came on to be heard on defendant's motion for judgment on the pleadings. At hearing the plaintiff, on motion, was allowed to amend his complaint. Thereupon, the defendant moved that the court take judicial notice of the record in a proceeding under Chapter 12 of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., entitled "In the Matter of Wilfred P. Hamel, Debtor" and conformably to Rule 12(c) of Federal Rules of Civil Procedure, 28 U.S.C.A., and upon request of the defendant, the initial motion was treated as one for summary judgment and is here disposed of as such. The movant bases its claim for relief upon the undisputed allegations of the pleadings and the record of the Hamel bankruptcy proceeding.

The Foy Tire Co., Inc., of which the plaintiff was treasurer during part of the year 1951, failed to pay to the United States certain withholding and Federal Insurance Contributions Act taxes for that year. Subsequently it became a bankrupt, and the corporation's taxes were assessed against the plaintiff.

On August 5, 1952, the plaintiff filed a petition for a real property arrangement under the Act. The following appears in the schedule of priority creditors in the debtor's statement of af-

fairs accompanying the petition: "The collector of Internal Revenue claims that the debtor is obligated to pay the following taxes by virtue of his former position as Treasurer of Foy Tire Co., Inc. The Foy Tire Co., Inc. is in bankruptcy in this court, and these taxes are the primary obligation of said corporation entitled to priority in said proceedings. The debtor does not admit this liability, but lists it in view of the claim of the Government. Amount is also in dispute." Reference was ordered, and the Government filed proof of claim for the taxes alleged to be due, together with interest.

The proposed arrangement contained the following provision: "(II) The claim of the Government for taxes arising out of the bankruptcy of Foy Tire Co. is disputed and counsel for the debtor will undertake to dispose of this claim by settlement or otherwise, subject to the approval of the three creditors who will supply new funds as hereinafter set forth. Whatever the rights of the Government under its tax claim may be, the three creditors who are to advance new funds will guarantee compliance with Section 455 of the Act." By the terms of part (III) (B) (1), the above referred to creditors would advance sufficient funds "to pay whatever the rights of the U. S. Government may be under its claim for taxes."

The referee entered an order on March 17, 1953, confirming the arrangement, and therein it was further provided that "the money deposited for payment of priority tax claims * * * as provided in the arrangement as modified, be disbursed * * * by checks to be drawn and signed by Harlan L. Goodwin, Trustee * * * and countersigned by Joseph J. Betley, Referee in Bankruptcy."

■ The question posed is whether the present suit is barred by the confirmation of the arrangement. Since the determination of this issue does not depend upon controverted facts, it is properly raised by the motion.

The plaintiff contends that the referee did not adjudicate the tax claim, that part (II) of the arrangement was intended to reserve to the plaintiff the right to prospectively sue for a refund, and that such a provision is permissible under Section 461(13) of the Act, 11 U.S.C.A. § 861(13).

It is the position of the defendant that the controversy was one requiring determination by the Bankruptcy Court, that, by the order of confirmation, the tax claim was allowed, and that such allowance is res judicata barring the present action.

■ It is my view that the question can be disposed of by the application of the principle of res judicata. Conformable to recognized procedure, this priority claim for taxes was properly filed, and, in so doing, adjudication of this claim was invoked. Under Section 455, 11 U.S.C.A. § 855, the court could not confirm the arrangement unless it provided for the payment of the claim or of such lesser amount as the Secretary of the Treasury accepted. Section 451, 11 U.S.C.A. § 851, provides that objection by a party in interest to the allowance of any claim shall be heard and summarily determined by the court. Section 473(3), 11 U.S.C.A. § 873(3) requires a similar determination. More specifically, Section 64, sub. a(4), 11 U.S.C.A. § 104, sub. a(4), provides "that, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court; * * *." The latter section is made applicable to Chapter 12 proceedings by virtue of Section 402, 11 U.S.C.A. § 802, and Section 412, 11 U.S.C.A. § 812. Compare Section 102 of Chapter 10, 11 U.S.C.A. § 502. The tenor of the Act is that the objector must seasonably ask for a consideration of his objections, or suffer allowance of the claim.

■ The jurisdiction of the Bankruptcy Court was exclusive. Any question in regard to the claim arose when it was filed, and the debtor should have pressed for determination. It was not

the legislative intent that the opportunity afforded the debtor be disregarded. Cohen v. United States, 1 Cir., 115 F.2d 505. The court could order the payment of taxes only if they were legally due and owing. See In re Florence Commercial Co., 9 Cir., 19 F.2d 468. The usual remedy of suit for a refund is not available to the plaintiff for the reason that this claim has been before a competent tribunal.

█ The order of confirmation was a final judgment of any claim within the cognizance of the court and in my view has become res judicata. The remedy of a person aggrieved by the court's order was by way of appeal and not by collateral attack.

Accordingly, it is ordered that the motion be and it hereby is granted, and the clerk is directed to enter judgment for the defendant.