UNITED STATES of America, Plaintiff,

v.

Jack Jay WALLEY, Executor of the Estate of Murrey London, Defendant.

Civ. No. 313–57.

United States District Court
S. D. California,
Central Division.

March 25, 1958.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Rembert T. Brown, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Jack Jay Walley, pro se.

MATHES, District Judge.

This action is brought to collect insurance contribution, unemployment, and withholding taxes imposed by Chapter 9, Subchapters A, C, and D, of the Internal Revenue Code of 1939 [26 U.S.C.A. (I.R. C.1939) Chap. 9], plus accrued penalties and interest. Int.Rev.Code of 1954 §§ 7402, 7403, 26 U.S.C.A. §§ 7402, 7403; 28 U.S.C.A. § 1340.

The material facts are stipulated. The taxes involved were regularly and timely assessed against defendant's decedent, Murrey London, during the period between February 24 and July 23, 1948.

On March 1, 1948, London filed a voluntary petition in bankruptcy in this Court, being proceeding No. 45,752. Thereafter the United States filed a claim against the bankrupt estate for $5,759.04, the amount alleged to be then owing on the assessments for the taxes in question. This tax claim was allowed by the Bankruptcy court without contest, and the

United States has received a dividend of $243.29 thereon. Nothing further has been paid on account of these taxes.

London died on September 13, 1954, and defendant became the duly appointed, qualified and acting executor of the London estate, which is now in probate in the State court. In due course the United States filed a claim against the decedent's estate for the unpaid balance of the tax claim as allowed by the Bankruptcy court.

The claim filed against the decedent's estate was rejected by defendant executor, and this action followed in 1957. The executor urges by way of affirmative defense that "the claim * * * for taxes, penalties and interest * * has been rendered uncollectible by reason of the fact that this proceeding was brought beyond the time permitted by * * * Section 3312 of the Internal Revenue Code of 1939."

Section 3312 provides in part that the taxes in controversy here "may be collected by distraint or by a proceeding in court, but only if begun * * * [w]ithin six years after the assessment of the tax * * *." [Int.Rev.Code of 1939 § 3312(d), 53 Stat. 400 (1939)]

The tax assessments having been made in 1948, and this action not having been commenced until well more than six years thereafter, this suit is clearly barred unless the allowance of the claim in bankruptcy amounted to a judgment, now final, as to which there is no statute of limitations affecting the United States. See United States v. Whited & Wheless, Ltd., 1918, 246 U.S. 552, 561, 38 S.Ct. 367, 62 L.Ed. 879.

■ Defendant concedes that the filing of the tax claim in the bankruptcy proceedings served to initiate a "proceeding in court" within the meaning of the provisions of § 3312(d) just quoted. Also conceded, of course, is the further fact that the claim in bankruptcy was filed, and a "proceeding in court" thus begun, within the six-year period of limitation specified in § 3312(d). Defendant urges, however, that the order allowing the tax claim in bankruptcy does not

rise to the dignity of a judgment for limitation purposes.

The question for decision is presented by the Government's contention that the final order of the Bankruptcy court allowing the tax claim has the effect of a judgment in favor of the United States to the extent that it can be enforced without limitation as to time. See: United States v. Ettelson, 7 Cir., 1947, 159 F.2d 193, 196; Investment & Securities Co. v. United States, 9 Cir., 1944, 140 F.2d 894, 896; United States v. Havner, 8 Cir., 1939, 101 F.2d 161, 165; cf. In re Rury, 9 Cir., 1927, 21 F.2d 881, certiorari denied Mitchell v. Cunningham, 1928, 276 U.S. 614, 48 S.Ct. 208, 72 L.Ed. 732.

■ Insofar as the doctrine of res judicata is concerned, "[i]t is well settled that the action of a referee in bankruptcy allowing or disallowing a claim is a judgment, final in the absence of review * * * ." Stearns Salt & Lumber Co. v. Hammond, 6 Cir., 1914, 217 F. 559, 564; Lewith v. Irving Trust Co., 2 Cir., 1933, 67 F.2d 855; accord, Donald v. Bankers Life Co., 5 Cir., 1939, 107 F.2d 810; In re Tinkoff, 7 Cir., 1936, 85 F.2d 305, 307, certiorari denied Tinkoff v. Chicago Title & Trust Co., 1937, 299 U.S. 611, 57 S.Ct. 314, 81 L.Ed. 450.

■ Consequently the allowance or disallowance of a claim by the Bankruptcy court is binding on the bankrupt, and anyone in privity with him as well, in a subsequent suit on the merits with the creditor. United States v. Coast Wineries, 9 Cir., 1942, 131 F.2d 643, 648–649; United States v. American Surety Co., 2 Cir., 1932, 56 F.2d 734, 736 (dictum); see: In re Henry Holzapfel's Sons, Inc., 7 Cir., 1957, 249 F.2d 861, 864; 5 Remington, Bankruptcy 482 (5th ed. 1953).

■■ Nor could the res judicata bar against relitigating the merits of the tax claim be avoided upon the ground that the claim was allowed without contest in bankruptcy. Having failed to challenge the claim in proceedings to which he was a party and in which he could have contested it and had the mer-

its finally determined, the bankrupt would not be permitted to question the merits of it in a subsequent suit. For it is a well-settled principle that "res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceedings, 'but also as respects any other available matter which might have been presented to that end.'" Chicot County Drainage District v. Baxter State Bank, 1940, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329; Cromwell v. County of Sac, 1876, 94 U.S. 351, 352, 24 L.Ed. 195; Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 282–283, 66 S.Ct. 1105, 90 L.Ed. 1230; Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, 816–817, certiorari denied 1956, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843; Daniels v. Thomas, 10 Cir., 1955, 225 F.2d 795, 798, certiorari denied 1956, 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815; see Angel v. Bullington, 1947, 330 U.S. 183, 192–193, 67 S.Ct. 657, 91 L.Ed. 832.

■ It is hardly necessary to add that since defendant's decedent would have been precluded by the doctrine of res judicata from relitigating the merits of the tax claim, defendant as the decedent's personal representative is similarly precluded, an executor being "in privity" with his decedent for res judicata purposes.

The precise question at bar, then, is whether the rule that the allowance of a claim in bankruptcy, even though uncontested, "has all the substantial elements of a judgment, and has the effect of a judgment * * *." Lewith v. Irving Trust Co., supra, 67 F.2d at pages 856–857, should be extended to encompass the area of limitations, at least as to nondischargeable federal tax claims [Bankruptcy Act § 17, sub. a(1), 11 U.S.C.A. § 35, sub. a(1)].

That a final order allowing a tax claim ought to be so treated as a judgment is dictated by considerations beyond the negative bar of res judicata. Defendant's decedent was under an affirmative duty in the bankruptcy proceedings to

"examine and report to his trustee concerning the correctness of all proofs of claim filed against his estate * * *." [Bankruptcy Act § 7, sub. a(3), 11 U.S.C.A. § 25, sub. a(3).] This duty would, of course, embrace the tax claim in controversy.

■ Furthermore, since the tax claim was non-dischargeable [Bankruptcy Act § 17, sub. a(1), 11 U.S.C.A. § 35, sub. a (1)], the bankrupt's interest in the claim was sufficient to give him standing to object to its allowance if he disputed it, and standing as well to petition for review if he deemed the order of allowance erroneous. Bankruptcy Act § 57, sub. d, 11 U.S.C.A. § 93, sub. d; see: Bankruptcy Act § 7, sub. a(3), 11 U.S.C.A. § 25, sub. a(3); Gen. Order 21(6), 11 U.S. C.A. following section 53; In re Povill, 2 Cir., 1939, 105 F.2d 157, 159; In re Woodmar Realty Corp., 7 Cir., 1957, 241 F.2d 768; 3 Collier, Bankruptcy 218–220 (14th ed. 1940).

■ Finally, § 64, sub. a(4) of the Bankruptcy Act, in establishing a priority for tax claims, provides that "in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court * * *." [11 U.S.C.A. § 104, sub. a (4).] Inasmuch as a bankrupt estate will be permitted to pay only such taxes as are "legally due and owing by the bankrupt * * *" [*ibid.*], the Bankruptcy court is held to have exclusive jurisdiction to determine both the amount and the legality of all taxes assessed against the bankrupt. In re Florence Commercial Co., 9 Cir., 1927, 19 F. 2d 468, certiorari denied Truman v. Thalheimer, 1927, 275 U.S. 542, 48 S.Ct. 37, 72 L.Ed. 415; Cohen v. United States, 1 Cir., 1940, 115 F.2d 505; Hamel v. United States, D.C.D.N.H.1955, 135 F.Supp. 482; In re Maryland Coal Co. of West Virginia, D.C.D.W.Va.1941, 36 F.Supp. 142, 145.

A bankrupt thus has full opportunity to litigate any and all issues as to the validity of a tax claim before a court having exclusive jurisdiction of the controversy. More than this no litigant can ask.

■ Since, when time for review and appeal has passed, an order in bankruptcy allowing a tax claim takes on all the aspects of a judgment as to finality and estoppel [see Restatement, Judgments § 41, comment *c* (1942)], there is no basis in reason or policy why such a claim cannot be enforced within the time period applicable to enforcement of judgments generally in favor of the United States. Cf. In re Rury, supra, 21 F.2d 881.

The Congress has not seen fit to provide any period of limitation for the enforcement of judgments in favor of the United States; and of course the decision whether the United States is to be limited as to the time within which to enforce a judgment claim lies exclusively with the Congress. See United States v. Whited & Wheless, Ltd., supra, 246 U.S. at page 561, 38 S.Ct. at page 368, 62 L. Ed. 879.

To the extent inconsistent with the result here reached, In re McChesney, D.C. S.D.Cal.1931, 58 F.2d 340, and Massee & Felton Lumber Co. v. Benenson, D.C. S.D.N.Y.1927, 23 F.2d 107, relied on by defendant, must be deemed to have been overruled *sub silentio*. See: United States v. Coast Wineries, supra, 131 F.2d 643; Lewith v. Irving Trust Co., supra, 67 F.2d 855, and United States v. American Surety Co., supra, 56 F.2d at page 736 (dictum).

Judgment as prayed for must be ordered in favor of plaintiff, to be paid in due course of administration of the estate of defendant's testator.