Jack COHEN, Appellant,

v.

Chris L. GROSS, District Director of Internal Revenue, Newark, New Jersey, William F. Culliney, District Director of Internal Revenue, Camden, New Jersey, and United States of America.

No. 13956.

United States Court of Appeals
Third Circuit.

Argued Nov. 1, 1962.

Decided April 9, 1963.

Herbert L. Zuckerman, Newark, N. J., for appellant.

Frederick E. Youngman, Tax Division, Dept. of Justice, Washington, D. C., (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Sharon L. King, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

In this suit a taxpayer is seeking to enjoin the District Director of Internal Revenue from collecting assessed income taxes for 1954, 1955 and 1956 because the assessment was not timely and was not preceded by a statutory 90-day notice of deficiency.

The record shows that in 1958, while his tax liabilities for 1954, 1955 and 1956

were under investigation, the taxpayer filed a voluntary petition in bankruptcy. In that proceeding the District Director filed a proof of claim for 1954, 1955 and 1956 income taxes aggregating $29,287.-60. The proof of claim was allowed, but nothing was paid on it because there were no assets. In March 1959, the taxpayer was discharged as a bankrupt.

In October 1959, the taxpayer received a so-called 30-day letter from the District Director requiring him to accept or protest a finding of tax liability in the amount, except for an interest item, of the claim already allowed in bankruptcy. The taxpayer promptly filed a protest. On December 2, 1960, without issuing any further notice of deficiency, the District Director, for the first time, made a formal assessment of the deficiencies in question.

These circumstances appearing without dispute, the court below dismissed the complaint on motion, sustaining the District Director's position that the assessment procedure in this case provided no basis for equitable relief. Cohen v. Mayer, D.C., 199 F.Supp. 331.

Three different sections of the Internal Revenue Code of 1954 are involved. Section 6213(a) prohibits the assessment of a deficiency in respect of income taxes until 90 days after a notice of deficiency (authorized in section 6212(a)) has been mailed to the taxpayer. During the 90-day period, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency, in which case the prohibition of assessment remains in force until the decision of the Tax Court has become final.

Section 6871, however, establishes a different procedure in the case of a taxpayer who is adjudicated a bankrupt. After the adjudication, any deficiency in respect of income taxes "shall, despite the restrictions imposed by section 6213 (a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law". Thereafter, no petition for redetermination of the deficiency may be filed with the Tax Court. Instead, a claim for the deficiency may be presented to the bankruptcy court "for adjudication in accordance with law". More particularly, the bankruptcy court has jurisdiction to determine the amount of the deficiency and to allow the amount so determined as a fourth priority claim against the bankrupt estate. See Bankruptcy Act § 64, sub. a(4), 52 Stat. 874 (1938), as amended, 11 U.S.C. § 104, sub. a(4).

Section 7421(a) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court". That section, however, expressly recognizes an exception contained in section 6213(a) which provides that an assessment of a deficiency made during the time when assessment is prohibited by that section "may be enjoined by a proceeding in the proper court".

The taxpayer's theory is that the words "shall * * * be immediately assessed" in section 6871(a) establish a limited period of time during which an assessment may be made without following the requirements of section 6213 (a), after which those strictures again apply. Since the assessment of December 2, 1960, was not made "immediately" after the adjudication of bankruptcy, the plaintiff claims that the assessment is thereafter subject to the requirements of, and its enforcement is enjoinable under, section 6213(a).

■ We disagree with the taxpayer. We view the provisions of section 6871, not as a mere brief suspension of the requirements of section 6213, but rather as a completely superseding procedure for the determination and collection of tax claims that are asserted in bankruptcy.

■ In the scheme which Congress has devised for the determination and collection of federal taxes, assessment is a prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences some-

what similar to the reduction of a claim to judgment. 1954 Code § 6203. See Bull v. United States, 1935, 295 U.S. 247, 259–260, 55 S.Ct. 695, 79 L.Ed. 1421. An appropriate officer of the Internal Revenue Service is given general authority to make tax assessments. 1954 Code § 6201. However, as concerns the normal assessment of income tax deficiencies, this authority is regulated and limited by the provisions of section 6213 outlined above. All of this appears in Chapter 63 of the Internal Revenue Code.

A different scheme for assessment and collection in cases where bankruptcy intervenes is provided separately in Chapter 70. Section 6871, with its provision for the immediate assessment of any deficiency which is outstanding but has not been assessed when a taxpayer is adjudicated a bankrupt, is part of that chapter. This bankruptcy scheme is distinct and complete in itself. We think this indicates that section 6213 is simply inapplicable to a claim subject to and administered under the bankruptcy provisions of section 6871. The taxpayer himself recognizes this to the extent of conceding that by seeking relief in bankruptcy he subjected himself to the immediate assessment of any tax deficiency and the adjudication of his tax liability by the bankruptcy court, instead of the procedure prescribed by section 6213. But beyond that, once a tax claim has been asserted and allowed in a bankruptcy proceeding, though not collected therein because of the lack of assets, neither the language of the Code nor the sense of the situation suggests that any of the procedure of section 6213 again becomes prerequisite to the establishment and collection of that particular tax liability. Indeed, we think the contrary is implied by a statutory provision that once a tax claim has been allowed in bankruptcy, the government is empowered to collect, by levy upon the taxpayer's after-acquired property, any portion of the claim that has not been satisfied out of the bankrupt estate. 1954

Code, § 6873; see Treas.Reg. § 301.-6873–1.[1]

We conclude, therefore, that the requirements of section 6213 and the limited power given the courts to enjoin premature assessments which are subject to those requirements are simply not relevant to the situation of the present taxpayer. If the government's effort to collect a tax here is enjoinable at all, it must be on the ground that failure to comply with the provision of section 6871 that assessment shall be made "immediately" after the taxpayer is adjudicated a bankrupt has made the present delayed assessment invalid. Once the problem is stated this way it becomes apparent that equity has no jurisdiction because section 7421(a) plainly prohibits any "suit for the purpose of restraining the assessment or collection of any tax". Cf. Mensik v. Long, 7th Cir. 1958, 261 F.2d 45; Harvey v. Early, 4th Cir. 1947, 160 F.2d 836; Salikoff· v. McCaughn, E.D.Pa.1928, 24 F.2d 434 (all holding that section 7421(a) precludes enjoining collection pursuant to jeopardy assessments which, like bankruptcy assessments, are specially covered in Chapter 70).

The decision below was correct for another reason. Even if equitable intervention in cases involving Chapter 70 assessments were within judicial power, it is clear that that power should not be exercised unless the imposition is unquestionably illegal. Enochs v. Williams Packing & Nav. Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. In this case it is simply impossible for the taxpayer to show such clear illegality. The deficiencies determined against him have already been approved by the bankruptcy court which had jurisdiction to determine their amount and legality. Under section 57, sub. d of the Bankruptcy Act, 52 Stat. 866 (1938), 11 U.S.C. § 93, sub. d, he could have contested the validity of the tax claims filed against his estate. United States v. Walley, S.D.Cal.1958,

---

1. A provable tax claim is not dischargeable in bankruptcy. Bankruptcy Act, § 17,

sub. a(1), 52 Stat. 851 (1938), 11 U.S.C. § 35, sub. a(1).

160 F.Supp. 67, 71, rev'd on other grounds, 9th Cir., 259 F.2d 579; see American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 2d Cir., 1960, 280 F.2d 119. His apparent failure to avail himself of this forum does not enhance his position after that opportunity has passed. See Graham v. du Pont, 1923, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965. Furthermore, he was even subject to a statutory duty to "examine and report to his trustee concerning the correctness of all proofs of claim filed against his estate". Bankruptcy Act § 7, sub. a (3), 52 Stat. 847 (1938), 11 U.S.C. § 25, sub. a (3). If the claimed deficiencies had been disallowed by the bankruptcy court, that action would have been a conclusive adjudication of the taxpayer's freedom from liability, binding on the government. Hargadine-McKittrick Dry Goods Co. v. Hudson, 8th Cir., 1903, 122 F. 232; Roland to Use of Shick v. Albright, 1937, 325 Pa. 431, 190 A. 885, cert. denied, 302 U.S. 688, 58 S.Ct. 40, 82 L.Ed. 532, rehearing denied 302 U.S. 776, 58 S.Ct. 136, 82 L.Ed. 601; see United States v. Coast Wineries, Inc., 9th Cir., 1942, 131 F.2d 643; Maryland Cas. Co. v. United States, Ct.Cl.1940, 32 F.Supp. 746, 91 Ct.Cl. 203. On the other hand, since this was a no assets bankruptcy and the taxpayer did not contest the government's claim in the bankruptcy proceeding, it is arguable that the question of his tax liability has not been conclusively determined against him, as would be true in an in personam action or in a proceeding in which he actively participated. See Restatement, Judgments §§ 45, 76(2). Arguably, he may be entitled to litigate that question in any subsequent proceeding in which it shall become relevant, such as a suit for a refund. See United States for Use and Benefit of Allen Constr. Corp. v. Verrier, D.Me.1959, 179 F.Supp. 336. But see Hamel v. United States, D.C.N.H.1955, 135 F.Supp. 482; Carr v. Barnes, St. Louis Ct.App.1909, 138 Mo.App. 264, 120 S.W. 705. See also United States v. O'-Connor, 2d Cir., 1961, 291 F.2d 520, 526–528 (foreclosure of tax lien). But whatever his rights may be to challenge the tax in another proceeding, he cannot successfully contend, in the light of the history and adjudication of the claim in bankruptcy, that we have here an arbitrary imposition of a clearly illegal tax justifying the extraordinary intervention of equity to restrain the assessment and collection of taxes.

The judgment will be affirmed.