JOHN V. PRATHER AND HELEN PRATHER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2340–67.   Filed June 10, 1968.

*Arthur J. Whalen, Jr.,* for the petitioner.
*Andrew S. Coxe* and *Hugh C. McMahon,* for the respondent.

#### OPINION

WITHEY, *Judge:* The Commissioner, on June 16, 1967, filed a motion to dismiss this proceeding for lack of jurisdiction. The question presented for decision is whether section 6871 of the Internal Revenue Code [1] denies the Court jurisdiction to redetermine deficiencies and additions to tax on the facts as set out below.

John V. Prather, hereinafter referred to as the petitioner, and Helen Prather, were husband and wife during the years 1960 through 1964. Petitioner and his wife filed joint Federal income tax returns for each of the years.

Petitioner, in a proceeding designated "In the matter of JOHN V. PRATHER a/k/a JOHN VAN PRATHER," bankruptcy No. 51–65, filed a voluntary petition in bankruptcy in the U.S. District Court for the District of Columbia and on July 1, 1965, was adjudicated a bankrupt by that court. By order dated July 15, 1965, the referee in bankruptcy set January 27, 1966, as the final day for filing claims in bankruptcy. A trustee was appointed for the bankrupt's estate.

On September 22, 1965, a proof of claim in the amount of $21,227.24 for certain employment taxes of $20,543.43 and interest of $683.81

---

[1] All references are to the Internal Revenue Code of 1954, unless otherwise specified.

was filed by the United States in the petitioner's bankruptcy proceeding. This claim relates to certain employment taxes assessed against the petitioner individually under the authority of section 6672 of the Code. This tax claim is not in issue in the case.

On January 4, 1966, a proof of claim in the amount of $41,856.35 for petitioner's estimated income tax liabilities for the years 1960 through 1963 was filed in petitioner's bankruptcy proceedings. This proof of claim provides *inter alia* as follows:

SUPPLEMENTAL #1

| Kind of tax and period | Amount due | Remarks |
|---|---|---|
| Additional income 1960 | $6,885.95 | Estimated liability. |
| Do 1961 | 9,191.14 | Do. |
| Do 1962 | 19,499.64 | Do. |
| Do 1963 | 6,279.62 | Do. |
| | 41,856.35 | |

On March 9, 1967, a proof of claim in the amount of $52,632.79 pertaining to petitioner's income tax liabilities for the years 1960 through 1964 was filed in the bankruptcy proceeding. This proof of claim provides *inter alia* as follows:

SUPPLEMENTAL #2

| Kind of tax and period | Amount due | Date tax lien arose |
|---|---|---|
| Additional income 1960 | $5,776.44 | 2/24/67 |
| Interest to 7/1/65 | 1,459.31 | |
| Additional income 1961 | 9,665.24 | 2/24/67 |
| Interest to 7/1/65 | 1,861.96 | |
| Additional income 1962 | 18,455.86 | 2/24/67 |
| Interest to 7/1/65 | 2,448.19 | |
| Additional income 1963 | 11,982.22 | 2/24/67 |
| Interest to 7/1/65 | 870.49 | |
| Additional income 1964 | 111.66 | 2/24/67 |
| Interest to 7/1/65 | 1.42 | |
| | 52,632.79 | |

The bankruptcy court entered an order allowing claims of general unsecured creditors. Unless an objection is filed to the allowance of a priority tax claim, it is not the practice of the bankruptcy court involved herein to enter a formal order allowing such claims. No objections were filed to the tax claims filed by the United States in petitioner's bankruptcy proceedings. None of the various tax claims filed in the bankruptcy proceedings claimed any amount as an addition to tax for fraud.

On or about November 7, 1966, the trustee of the bankrupt estate of petitioner filed his final account with the bankruptcy court. On January 5, 1967, the petitioner was granted a discharge in the bankruptcy proceeding.

In 1967 Prather and his wife were living apart. On February 17, 1967, respondent sent them at their separate addresses duplicate originals of a joint notice of deficiency and a 21-page statement attached thereto, explaining deficiencies and additions to tax for fraud based on their joint returns for each of the years 1960 through 1964. Page 1 of the statement attached to the notice of deficiency is, in part, as follows:

INCOME TAX

| TYE Dec. 31— | Deficiency | Addition to tax sec. 6653(b) I.R.C. 1954 |
|---|---|---|
| 1960 | $5, 776. 44 | $2, 888. 22 |
| 1961 | 9, 665. 24 | 4, 811. 23 |
| 1962 | 18, 455. 86 | 9, 227. 93 |
| 1963 | 11, 982. 22 | 5, 991. 11 |
| 1964 | 111. 66 | ---------- |
| | 45, 991. 42 | 22, 918. 49 |

On February 20, 1967, the district director mailed to "Mr. John V. Prather, Mr. Harrison S. Howes, Trustee in Bankruptcy," a Form 7900 letter and a statement attached thereto consisting of 22 pages. This letter indicated that the deficiencies and additions to tax for fraud involved were being assessed against petitioner under the provisions of internal revenue law applicable to bankruptcy. The amounts of the deficiencies and additions to the tax for fraud for the years 1960 through 1964, inclusive, set forth in the letter were identical to the amounts in the notice of deficiency which have been set forth above.

The deficiencies and additions to the tax for the taxable years 1960 through 1964 in the amounts set forth in the Form 7900 letter were assessed against the petitioner on February 24, 1967, while the bankruptcy proceeding was still pending.

On May 15, 1967, petitioner and his wife filed a joint petition in this Court for the redetermination of the deficiency set forth in the respondent's joint notice of deficiency mentioned above. On June 16, 1967, the respondent moved to dismiss the petition for lack of jurisdiction pursuant to section 6871 insofar as it purports to be a petition by or on behalf of the petitioner John V. Prather.

On July 11, 1967, the final meeting of creditors was held and the proceeds of the bankrupt estate were thereafter subsequently distributed by the trustee to creditors, although the estate remained open pending the filing of the trustee's supplemental report.

On October 23, 1967, the referee in bankruptcy, after a hearing, entered an order denying the petitioner's motion, dated July 10, 1967, to stay the proceedings of the bankruptcy court for the purpose of having the bankruptcy court examine into the merits of the claim of the Commissioner for alleged deficiencies, plus additions to tax for fraud, for the taxable years 1960 through 1964.

On January 30, 1968, the referee in bankruptcy entered an order approving the account of the trustee, discharging him, and closing the bankrupt's estate.

Code sections 6211 through 6213 contain the usual deficiency procedure in the case of income taxes. Therein it is provided that if the Secretary or his delegate determines that there is a deficiency in income taxes, he is authorized to send a notice of such deficiency to the taxpayer.[2] Upon receipt of the notice of deficiency, the taxpayer generally has 90 days to file a petition with the Tax Court for a redetermination of the deficiency. The assessment of the deficiency is prohibited for those 90 days, or, if a petition is filed, until the decision of the Tax Court becomes final.[3] Code section 6871,[4] however, establishes a different procedure in the case of a taxpayer who is adjudicated a bankrupt. After the adjudication in bankruptcy, any deficiency not theretofore assessed in accordance with law is to be immediately assessed and no petition for redetermination of the deficiency may be filed with the Tax Court. Instead, a claim for the deficiency may be presented to the bankruptcy court for adjudication therein.

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

[3] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

[4] SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or * * * the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding * * * any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a), upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDING.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or * * * the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

Respondent's position is that this case falls under section 6871, and, therefore, petitioner is precluded from petitioning the Tax Court for a redetermination of the income tax deficiencies.[5] Petitioner, on the other hand, contends that respondent failed to comply with section 6871, in that he failed to "immediately" assess the deficiencies and he failed to effectively file a claim for them in the bankruptcy court. We cannot agree with this contention.

As for petitioner's contention that the delay of some 20 months between the adjudication of petitioner as a bankrupt and the respondent's assessment of the deficiencies makes section 6871 inapplicable, the case of *Cohen* v. *Gross*, 316 F.2d 521 (C.A. 3, 1963), disposed of a similar argument as follows:

The taxpayer's theory is that the words "shall * * * be immediately assessed" in section 6871(a) establish a limited period of time during which an assessment may be made without following the requirements of section 6213(a), after which those strictures again apply. * * *

We disagree with the taxpayer. We view the provisions of section 6871, not as a mere brief suspension of the requirements of section 6213, but rather as a completely superseding procedure for the determination and collection of tax claims that are asserted in bankruptcy.

We agree with the Court of Appeals that a delay in assessment of a deficiency, so long as assessment is made before the termination of bankruptcy proceedings,[6] does not subject the assessment to the requirements of section 6213(a). Therefore, it is our conclusion that petitioner cannot avoid the application of section 6871(b) in this case because of respondent's delay in assessing the deficiencies, since the assessment was made before the conclusion of the bankruptcy proceeding.

Petitioner's other contention, i.e., that respondent did not effectively file a claim in the bankruptcy proceeding for the deficiencies, cannot prevail for two reasons. First, it is our opinion that the respondent did file a valid claim in the bankruptcy proceeding. The bankruptcy court considered a timely, valid claim for the taxes in question to have been filed,[7] and petitioner has failed to persuade us that this is not

---

[5] It is respondent's position that petitioner is precluded from petitioning this Court on the deficiencies in income taxes, including the additions to the tax for fraud. However, since we will consider the additions to tax separately later, the word "deficiency" as used herein relates solely to any underpayment of income taxes and not to any addition to tax thereto.

[6] We have previously held in the case of *Pearl A. Orenduff*, 49 T.C. 329 (1968), that failure to assess the deficiency before the termination of the bankruptcy proceeding will, in effect, prevent the Commissioner from relying on sec. 6871(b) to preclude a petition to the Tax Court to review the deficiency.

[7] The U.S. District Court for the District of Columbia, in an order dated Oct. 23, 1967, found as a fact that: "the District Director of Internal Revenue is a creditor in this case having filed proofs of claim within the statutory period setting forth estimated Federal Tax Liability for the aforesaid years [1960 through 1964]."

the fact. Second, even if the bankruptcy court was in error in considering a timely, valid tax claim to have been filed, petitioner had the opportunity in that court to challenge the allowance of the claim, cf. *Abel* v. *Campbell*, 334 F. 2d 339, 341 (C.A. 5, 1964) ; *Monjar* v. *Higgins*, 132 F. 2d 990, 993 (fn. 6), (C.A. 2, 1943) ; *In re Povill*, 105 F. 2d 157 (C.A. 2, 1939) ; *United States* v. *Walley*, 160 F. Supp. 67 (S.D. Calif., 1958), reversed on other grounds 259 F. 2d 579 (C.A. 9, 1958), and his failure to do so cannot now be corrected by a collateral challenge in this Court, cf. *Cohen* v. *United States*, 115 F. 2d 505 (C.A. 1, 1940) ; *Hamel* v. *United States*, 135 F. Supp. 482 (D. N.H. 1955).

Petitioner also argues that the instant case falls within the ruling of this Court in *Pearl A. Orenduff*, 49 T.C. 329 (1968). In that case, it was held that where, prior to the termination of the bankruptcy proceeding, the Commissioner had not made an immediate assessment of the deficiency or filed a proof of claim with the bankruptcy court, the taxpayer was not barred by section 6871(b) from petitioning this Court. However, our conclusions, as discussed above, that the respondent did make an assessment and did file a claim in bankruptcy prior to the termination of the bankruptcy, renders *Orenduff* clearly distinguishable from the present case.

The last question to be considered concerns the additions to tax for fraud assessed by the respondent. The problem arises as a result of section 57 of the Bankruptcy Act.[8] That section has been construed by the Supreme Court in the case of *Simonson* v. *Granquist*, 369 U.S. 38 (1962), to bar the allowance in bankruptcy of a claim for a nonpecuniary loss Federal tax penalty, e.g., a fraud penalty, even though the penalty was secured by a lien. Apparently, as a result of this case, Rev. Rul. 62–96, 1962–1 C.B. 308, was issued providing as the general rule that "The Internal Revenue Service will not claim nonpecuniary loss penalties in proceedings under the Bankruptcy Act, whether or not secured by Federal tax liens." The question presented to the Court for determination is whether section 6871 applies to preclude a petition to the Tax Court as regards the additions to tax for fraud assessed by the respondent herein when those additions to tax for fraud were not presented to the bankruptcy court for adjudication and could not have been allowed as a claim against the assets of the bankrupt had they been presented. It is this Court's opinion that the legislative purpose of section 6871 does not require that the petitioner be foreclosed from petitioning the Tax Court in regard to these additions to tax for

---

[8] Sec. 57 of the Bankruptcy Act, 11 U.S.C. sec. 93(j) :

Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

fraud and that there would be grave difficulties should respondent's motion to dismiss in this proceeding be granted because the net effect may well be to deprive the petitioner of a forum in which to have the opportunity to defend this claim, i.e., the additions to tax for fraud.

Section 6871 provides an alternative method of assessing tax deficiencies "together with all interest, additional amounts, or additions to the tax" in cases where the taxpayer is adjudicated a bankrupt. We determined in the *Orenduff* case that the legislative purpose of section 6871, i.e., to place in the same court the power to distribute the assets available for application on such claims, in order to avoid the possibility that the assets of the debtor might be distributed before a tax claim could be perfected through the generally applicable administrative and Tax Court procedures, did not "require that a taxpayer be denied access to this Court when a completely new deficiency, neither assessed nor claimed in the bankruptcy court, is determined after the bankruptcy or receivership proceedings are closed." A fortiori, when, as in the instant case, the deficiency for an addition to tax for fraud is one which was not presented to the bankruptcy court and could not have been allowed in any event even if it had been presented, the purpose of section 6871 does not require that the taxpayer be denied access to this Court.

The legislative history indicates that Congress in passing section 6871 considered that any tax claim barred from the Tax Court could be determined by the bankruptcy court. The report on the Revenue Act of 1926 by the Senate Finance Committee contains the following statement concerning section 282 thereof (the predecessor of section 6871):

The section therefore provides, in case of determination of deficiency, that if petition for redetermination therefor has not been presented to the board [now the Tax Court], the deficiency shall be assessed *and the claim presented to the bankruptcy or equity court.* * * * [Emphasis added. S. Rept. No. 52, to accompany H.R. 1, 69th Cong., 1st Sess., p. 31 (1926).]

Where, as in this case, the fraud claim was not considered by the bankruptcy court and by statute could not be allowed in any event, we do not think Congress intended to prevent consideration of the claim in the Tax Court also.

The language of the statute supports our reading of its purpose and intent not to deny jurisdiction in the situation presented by this case. The second clause of section 6871(b) provides that "no petition for any *such redetermination* shall be filed with the Tax Court after the adjudication of bankruptcy." (Emphasis added.) We believe the phrase "such redetermination" refers to the redetermination of a deficiency which could have been presented to the bankruptcy court for

its consideration and could have been allowed as a claim against the assets of the bankrupt. Cf. *Pearl A. Orenduff, supra.*

Another factor leading us to our conclusion in this case is the possible constitutional problems presented in construing section 6871 to preclude Tax Court jurisdiction in the situation where the taxpayer is effectively barred from obtaining a determination on the merits of a tax claim in the bankruptcy proceeding. *Jamy Corp.* v. *Riddell*, 337 F.2d 11 (C.A. 9, 1964), but cf. *Abel* v. *Campbell, supra.* As this Court in *Orenduff* stated: "The fact that our interpretation of the section [i.e., 6871] avoids this problem is support for our view of congressional intent."

Therefore, we hold that although the petitioner is barred from petitioning the Tax Court in regard to the tax deficiencies which were claimed in the bankruptcy proceeding, he is not barred from petitioning this Court with respect to the additions to the tax for fraud which were not allowable therein.[9]

Respondent's motion to dismiss is granted as to the deficiencies herein but denied as to additions to tax for fraud.

*An appropriate order will be entered.*

---

[9] *Thomas J. McLaughlin*, 29 B.T.A. 247 (1933), illustrates a situation in which the Commissioner's notice of deficiency and the taxpayer's petition to the Board of Tax Appeals pertained solely to an addition to tax for fraud without the underlying tax deficiency on which it was based being at issue in the case.