**Jay W. SNYDER, Plaintiff and Counterclaim Defendant,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff,**

v.

**James R. SNYDER, Jr., Counterclaim Defendant.**

No. 95–73659.

United States District Court, E.D. Michigan, Southern Division.

May 27, 1997.

Daniel Bretz, Detroit, MI, for Jay Snyder.

Max J. Newman, Schafer & Weiner, P.C., for James R. Snyder, Jr.

Michael Davis, Washington, DC, Karen Gibbs Ernst, Detroit, MI, for U.S.

### MEMORANDUM OPINION AND ORDER DENYING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

O'MEARA, District Judge.

This matter came before the court on the government's February 27, 1997 motion for summary judgment against counterclaim defendant James R. Snyder, Jr., who filed a response March 28, 1997. No reply was filed; and oral argument was heard April 3, 1997.

This action arises out of the failure of a now-defunct corporation, Phoenix Masonry, Inc. ("Phoenix"), to pay to the Internal Revenue Service ("IRS") certain withheld employee income and FICA taxes. On January 7, 1997, this court granted plaintiff/counterclaim defendant Jay Snyder's motion for summary judgment, finding that Jay Snyder was not a "responsible person" who "willfully failed to collect, truthfully account for or pay over" withheld income and FICA taxes pursuant to 26 U.S.C. § 6672. The government subsequently filed the instant motion for summary judgment against James R. Snyder, Jr. ("Snyder").

On December 12, 1988, Snyder filed a voluntary Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas. In that action the IRS filed a proof of claim and an amended proof of claim for all of the tax obligations in dispute in the instant case. Snyder objected to the IRS' proof of claim, claiming, among other things, that Citizens Trust, Snyder's lending institution, had deprived him of control of Phoenix and that as a result he did not possess the requisite control to be assessed personal liability under 26 U.S.C. § 6672. Snyder also claimed that his actions were not willful under § 6672 because Citizens had thwarted his efforts to pay the trust fund taxes by: a) selectively dishonoring his checks to the IRS, and b) converting the amounts available to pay the trust fund taxes to its own use.

On June 29, 1992, the bankruptcy court in Texas granted the IRS' motion for summary judgment against Snyder and allowed its proof of claim. After Snyder's motion for reconsideration was denied, Snyder filed an appeal to the district court, which affirmed the bankruptcy court's decision. Snyder appealed the district court's decision to the United States Court of Appeals for the Fifth Circuit, which then affirmed the decisions of both the district court and the bankruptcy court in an unpublished opinion dated August 31, 1995.

Snyder confirmed a Chapter 11 plan of reorganization in his personal bankruptcy

case on April 24, 1990. The IRS withdrew its objection to the plan and supported confirmation, subject to ¶ 7 of the order confirming the plan, which reads,

Nothing in this order, nor anything in the plan, shall be interpreted to compromise or prejudge the disputes between James R. Snyder, Jr., and the United States Government (Internal Revenue Service). For purposes of Confirmation, the claim of the United States Government (Internal Revenue Service) is deemed to be $291,949.84, subject to Debtor's right to go forward with his objection to claim and either by agreement or by finding and order of the Court establish the correctness of a lower amount.

Snyder's Ex. B, p. 1–2. Thus, Snyder's plan provided for adjudication of the IRS' claim.

 An order confirming a plan of reorganization is *res judicata* as to all questions that were raised or could have been raised during the debtor's Chapter 11 case. *In re Hoffman*, 99 B.R. 929, 936 (N.D.Iowa 1989); *In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253, 257 (Bkrtcy.S.D.N.Y.1985). "The policy behind res judicata is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Galerie Des Monnaies*, 55 B.R. at 256–57.

 In the instant suit the IRS' claim against Snyder was raised during the debtor's Chapter 11 case. Indeed, the Fifth Circuit noted that Snyder had conceded he was a "responsible person" under § 6672 for the unpaid employment taxes of Phoenix. IRS' Ex. 2 at 10.

The IRS argues

Notwithstanding the Fifth Circuit opinion affirming the decision of the bankruptcy court to allow the IRS' proof of claim in Mr. Snyder's personal bankruptcy proceeding, Mr. Snyder is a necessary counterclaim defendant in this action because the statute of limitations under § 6502 will expire on collection of the liability *unless*

the United States commences an action to reduce the assessment against Snyder to judgment as required by § 6502(a).

\* \* \* \* \* \*

In addition, while the allowance of the IRS' proof of claim in Mr. Snyder's bankruptcy proceeding may have had the effect of a judgment, it was only effective against the assets comprising the bankrupt estate, as it was not an action against him *in personam*.

IRS' br. at 5–6 (emphasis in original).

The government relies on *Cohen v. Gross*, 316 F.2d 521 (3d Cir.1963), and *Walley v. United States*, 259 F.2d 579 (9th Cir.1958). However, in both of those cases it was determined that the bankrupts had not had an opportunity to litigate their interests. *Cohen*, 316 F.2d at 524; *Walley*, 259 F.2d at 582. In the instant suit Snyder's claims were fully litigated in the bankruptcy court, the district court, and the Fifth Circuit.

In addition, the allowance of the IRS' claim became a binding judgment against Snyder personally under 11 U.S.C. § 1141(a), which provides,

Except as provided in subsections (d)(2)[1] and (d)(3) of this section, the provisions of a confirmed plan bind **the debtor**, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

*Id.* (emphasis added).

Finally, the court finds that the previously cited language from the order confirming Snyder's plan provided that Snyder be personally bound by the bankruptcy court's determination of the amount of the IRS' proof of claim.

---

**1.** Section (d)(2) is relevant in this case, as it prevents the discharge of certain Snyder obligations to the IRS under the terms of the Plan. It does not, however, prevent the Plan from being binding on Snyder *in personam* as well as on his bankruptcy estate.

Although Snyder did not file a motion for summary judgment on the government's counterclaim, the court will dismiss the counterclaim, as the government cannot prove any set of facts to sustain the claim after the court has found that res judicata applies.

Accordingly, it is hereby **ORDERED** that the United States' February 27, 1997 motion for summary judgment is **DENIED**.

It is further **ORDERED** that the United States' counterclaim against James R. Snyder, Jr., is **DISMISSED**.