### MADISON AVE. OFFICES, Inc., v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York. Aug. 4, 1936.

Mack, McCauley & Spiegelberg, and George A. Spiegelberg and Harry W. Mack, all of New York City, for plaintiff.

Lamar Hardy and Leon E. Spencer, both of New York City, for defendant.

BONDY, District Judge.

This action was brought to recover an income tax alleged to have been erroneously paid. The facts have been stipulated.

During 1920 the plaintiff received from S. W. Strauss & Co., $4,400,000 in exchange for which it on July 15, 1920, delivered to that company its 15-year 6 per cent. secured bonds amounting to $5,500,-000. The difference of $1,100,000 between the amount of the bonds and the amount received represented $605,000 to secure commissions or a bonus charged by that company and $495,000 to secure the payment of interest on the issue for 1½ years.

The Commissioner of Internal Revenue allowed plaintiff deductions for amortization of one-fifteenth of the aggregate of these amounts for each of the taxable years 1920, 1921, 1922, and 1923.

In 1923 the plaintiff paid to S. W. Strauss & Co. $5,235,000 to redeem the bonds in that amount then outstanding and in addition thereto a premium of $104,700, 2 per cent. on the amount redeemed in accordance with the terms of the bond, and $10,100 for expenses and additional interest.

To make these payments plaintiff borrowed $5,500,000 at an expense amounting in the aggregate to $164,334.70 for commissions, legal fees, title insurance, mortgage tax, revenue stamps, and other similar charges.

In determining the 1923 income tax the Commissioner allowed a deduction for the item of $10,100 for expenses and additional interest paid in 1923 on satisfying the first loan.

He refused to deduct the amount of the expenses incurred in making the 1920 loan for which bonds were given in 1920 and paid off in 1923, and added all the other interest and expenses connected with the first loan which had not then been amortized, to the expenses incurred in connection with the 1923 loan and amortized the total over the period of the 1923 mortgages.

The plaintiff's returns have been computed on a cash receipt and disbursement basis and not on an accrual basis.

A resulting loss attributable to unamortized discount and premiums paid on retiring bonds with proceeds of sale of other bonds should be treated as realized in the year of such retirement and deductible from the corporation's taxable income in the year of such retirement. Helvering v.

Union Public Service Co. (C.C.A.) 75 F. (2d) 723, 724. Chicago, Rock Island & Pacific R. Co. v. Commissioner (C.C.A.) 47 F.(2d) 990, certiorari denied 284 U.S. 618 and Great Western Power Co. v. Commissioner, 297 U.S. 543, 56 S.Ct. 576, 80 L. Ed. 853, decided by the Supreme Court of the United States, March 16, 1936, are distinguishable on the ground that all the transactions therein considered involved only the substitution or exchange of one issue of securities for another.

Although the law does not expressly provide for the deduction of payments other than discount and premiums paid at redemption, expense in connection with the issuance of securities is deductible on the same theory as unamortized discount the year the bonds are retired. Great Western Power Co. v. Commissioner, supra.

Allowing deductions for unamortized discounts and for payments made in 1923 on account of the first loan, the loss in that year exceeded the profits made in 1924 and 1925. It follows that no tax on income was due the government in 1925, and that a verdict should be directed in favor of the plaintiff for $8,053.25, the amount paid upon 1925 income by the plaintiff. See Revenue Act 1924, § 206 (b, f), 43 Stat. 253, 260; Revenue Act of 1921, § 234 (a) (1), (2) and (4), 42 Stat. 227, 254; Treasury Reg. 62 art. 563, art. 545(3)a. August 4, 1936.