**COMMISSIONER OF INTERNAL REVE-
NUE v. LINCOLN–BOYLE ICE CO.**

**LINCOLN–BOYLE ICE CO. v. COMMIS-
SIONER OF INTERNAL REVENUE.**

Nos. 6155, 6156.

Circuit Court of Appeals, Seventh Circuit.

Dec. 1, 1937.

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue.

A. J. Pflaum, Harry N. Wyatt, and W. R. Arrington, all of Chicago, Ill., for Lincoln-Boyle Ice Co.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In No. 6155, the Commissioner of Internal Revenue petitions to review one decision of the United States Board of Tax Appeals, and in No. 6156 the taxpayer, Lincoln-Boyle Ice Company, another. Both causes involve on the merits, the question of the proper basis for the computation of depreciation of assets of the taxpayer in the taxable years 1927 and 1928. The question is the same for each year.

The taxpayer was organized in 1926 for the purpose of taking over four predecessor companies; Lincoln Ice Company, Boyle Ice Company, Ravenswood Ice Company,

and Irving Park Ice Company. The new company, on January 1, 1927, acquired all assets of each of the four corporations, except their cash, marketable securities and accounts and bills receivable, giving to the stockholders of the transferors in exchange, all of the preferred and common stock and $2,000,000 first mortgage bonds of the taxpayer, less $350,000 of the latter securities retained and used to discharge the then existing funded debt of the Boyle Ice Company.

The properties conveyed were appraised and taken over by the taxpayer at the appraised value. The Lincoln Ice Company conveyed 46.77 per cent. of the total assets acquired by the taxpayer and its stockholders received in return 54.59 per cent. of all securities delivered by the taxpayer in payment of the assets. The Boyle Ice Company conveyed 26.74 per cent. of the assets and its stockholders received 17.31 per cent. of the securities; the Ravenswood Ice Company 9.11 per cent. of the assets and 14.19 per cent. of the securities; the Irving Park Ice Company 17.36 per cent. of the assets and 13.89 per cent. of the securities. This resulted in an overpayment or profit to the Lincoln Company of 16.71 per cent., or $274,258.94; in an underpayment or loss to the Boyle Company of 35.23 per cent. or $330,495.81; an overpayment to the Ravenswood Ice Company of 55.71 per cent., or a profit of $178,116.16; an underpayment to the Irving Park Ice Company of 20.00 per cent. or a loss of $121,879.29.[1] The stockholders of the four predecessor corporations were not identical with the stockholders of the taxpayer.

In making its income tax report for each of the years 1927 and 1928, in computing depreciation upon its assets, the taxpayer used as a basis the cost of the properties to it at the appraisement figures made at the time the properties were acquired. The Commissioner approved this procedure for the year 1927, but in 1928 concluded that, despite the discrepancy in the respective interests received by the various transferring companies as compared with the value of the assets conveyed by them, the transaction amounted to a reorganization, and that the proper basis for computation of depreciation was the original cost of the properties to the respective transferors. Upon review the Board of Tax Appeals held, over the Commissioner's objection in an answer seeking to extend the latter basis to the prior year also, that the record was not such that for the year 1927 any deficiency could be assessed, but that for the year 1928 the evidence was such as to disclose that a reorganization had been effected and that the proper basis for computation of depreciation was the cost to the transferring companies, as contended by the Commissioner.

The causes were consolidated for hearing before the Board, and thereafter treated as one proceeding. On July 26, 1935, the board entered a one-member memorandum opinion covering all branches of the consolidated cause, finding in favor of the taxpayer for 1927 and in favor of the Commissioner for 1928. The Commissioner filed his motion in the consolidated cause, for reconsideration and review by the entire Board of this memorandum opinion, alleging that "the decisions" were in error. On August 30 the court ordered that the respondent's motion for review be denied, and that his motion for modification of the memorandum opinion be referred to Member McMahon. On January 15, 1936, it was ordered that the motion for reconsideration and modification of the memorandum opinion, disposing of the tax liability for each of the years, be denied. In view of the fact that the Board never modified its conclusion with respect to the year 1927, and was not asked to modify the same, the Commissioner now contends that the taxpayer's petition for review, having been filed more than three months after July 25, 1935, came too late.

The motion to dismiss must be denied. Where, as here, two cases are consolidated, disposed of in one hearing, by one memorandum opinion and order, and there follow motions for reconsideration or modification of the decision covering the entire cause, taken under consideration and finally disposed of, although one part of the order sought to be reviewed is not attacked, we consider the decision unitary in character. So long as petitions for modification or review are pending, the Board has jurisdiction to modify its decision with respect to any part thereof, and neither party can be denied an appeal within three months from final disposition of the motion to modify the

---

[1] These figures are based upon a computation which excludes a bond issue of $350,000 owing by the Boyle Ice Company paid out of the proceeds of the bond issue of the taxpayer. If consideration is given to the $350,000, as a part of the cost, resulting discrepancies are even greater.

28

decision. Griffiths v. Commissioner, 50 F. 2d 782 (C.C.A.7).

The issue as to the proper basis for computing depreciation can be settled only by an examination of the statutes involved. Under section 23 of the Revenue Act of 1928, 26 U.S.C.A. § 23 and note, (carried forward from the Act of 1926 [sections 214, 234, 44 Stat. 26, 41]), the taxpayer is entitled to a reasonable allowance for depreciation. Under section 112(b)(5), 26 U.S. C.A. § 112(b)(5) and note (the same substantially as section 203(b)(4) of the Act of 1926, 44 Stat. 12) no gain or loss can be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control of the corporation. In the case of an exchange by two or more persons, this provision applies only if the amount of stock and securities received by each is "substantially in proportion to his interest in the property prior to the exchange." Section 113 of the Revenue Act of 1928 (26 U.S.C. A. § 113 note), provides that if the property is acquired by a corporation through the issuance of stock or securities in connection with a transaction covered by section 112(b)(5), the basis for determining gain or loss shall be the same as it would have been in the hands of the transferors. Section 203(b)(4) of the Act of 1926 and section 112(b)(5) of the Act of 1928 are statutory exceptions to the general rule that the gain or loss realized upon the sale of property must be recognized for the purpose of the income tax. The basis upon which depreciation of exhaustible assets is allowed by statute is the same as that provided for determining the gain or loss upon sale or other disposition of property.

 It is to be observed that essential to the finding of no loss or profit is the condition that the amount of stock and securities received by each transferor shall be substantially in proportion to his interest in the property prior to the exchange. If the transferor receives stock of the receiving corporation, giving him an interest in all of its assets substantially the same as he had in the property transferred, he has neither lost nor gained, but if he receives stock of greater value than that of what he transfers, the exchange is equivalent to a sale, from which profit is derived. We have seen that the stockholders of one transferring company received 16 per cent. more in securities than

the value of the transferred property; those of another, 35 per cent. less than the value of the property transferred; those of another, 55 per cent. more than the value transferred; and those of the fourth, 20 per cent. less than the value transferred.

We cannot reconcile these discrepancies in proportion with the language of the requirement of the act that the interest received by each party must be substantially the same as his interest in the property transferred. The case is even stronger than that of United Carbon Co. v. Commissioner of Internal Revenue, 90 F.2d 43 (C.C.A.4). There the discrepancy between the values conveyed and the securities received was less than in the case before us. That court concluded that the condition essential to the application of the section, namely, that the amount of stock received by each person must be substantially in proportion to the amount of property exchanged, did not exist; but, on the contrary, that the proportionate interest of no one of the transferors was substantially the same after the exchange as before. Similar in its reasoning is Snead v. Jackson Securities & Investment Co., 77 F.2d 19 (C.C.A.5).

We conclude, therefore, that no reorganization was effected, but that a purchase was made and that the cost of that purchase is the proper basis for computation of the taxpayer's depreciation.

 The taxpayer deducted as an expense of its business the sum of $8,975.83, paid by it in the year 1927 as premiums, service charges, and release fees, in connection with its retirement of $350,000 in bonds then outstanding against the property of Boyle Ice Company, one of the transferring companies. This amount was deducted from income in the taxpayer's 1927 return, but was disallowed as a deduction by the Commissioner. The Board held [under San Joaquin Light & Power Corporation v. McLaughlin, 65 F.2d 677 (C.C.A.9)] that the sum was deductible as an ordinary, necessary business expense.

If a corporation redeems its own bonds, it may deduct any unamortized discount and expense incurred in connection with that particular bond issue as well as any premiums and expenses paid in connection with their redemption. Helvering v. California Oregon Power Co., 64 App.D.C. 125, 75 F. 2d 644. But here the taxpayer was retiring the bonds of a transferring company, and the retirement was a part of full performance by the taxpayer of its purchase of the

property acquired. The payment of the bonds was the payment of so much of the purchase price; it was a capital investment. Consequently, the additional expense of $8,975.83, incurred in performing this obligation, in payment of the purchase price, was not properly deductible as a business expense.

The decisions of the board with reference to each of the years 1927 and 1928 are reversed, with directions to proceed in accordance with this opinion.