**SOUTHWEST GREASE & OIL CO., Inc.,**
**Appellee,**

v.

**UNITED STATES of America,**
**Appellant.**

No. 81–70.

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1971.

Richard W. Perkins, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Attys., Dept of Justice and Robert J. Roth, U. S. Atty., with him on the brief), for appellant.

Thomas C. Triplett, Wichita, Kan. (Robert Martin, William Porter, K. W. Pringle, Jr., William F. Schell, Dale Fair, William L. Oliver, Jr., William V. Crank, Wayne W. Wallace, John P. Woolf, and Douglas K. Dusenbury, Wichita, Kan., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and HICKEY *, Circuit Judges.

PER CURIAM.

This appeal has been taken from the summary judgment entered by the trial court in favor of the taxpayer in its action commenced for the recovery of an overpayment of federal income taxes for the fiscal year ending in 1961. Southwest Grease & Oil Co. v. United States, 308 F.Supp. 107 (D.Kan.).

The issue concerns deductions made by the taxpayer representing a premium it had paid upon the redemption of its convertible debentures and also for issue costs relating to the redeemed debentures which remained unamortized. The factual issue tried by the trial court found in favor of the taxpayer was whether or not the debentures which had been redeemed were in fact an indebtedness of the taxpayer or instead represented an equity interest. The trial

---

* Judge Hickey, since deceased, heard the arguments in this case but did not participate in this decision.

court held that the convertible nature of provisions in the debentures did not prevent the instrument from being a debt for the purposes under consideration, and allowed the deduction.

The trial court also held that the taxpayer was entitled to deduct the full amount of the premium paid upon redemption of the convertible debentures under 26 U.S.C.A. (I.R.C.1954), § 162(a), and further was entitled to make the deduction in the year of the redemption, together with the unamortized issue costs.

The record shows that the initial convertible debentures contained no provision relating to the redemption which was accomplished. The redemption was made in part for cash and in part in exchange for a new issue of debentures. It was thus made on a negotiated basis by reason of the fact that no right of redemption was reserved to the company in the old debentures.

The decision of the trial court is affirmed and its opinion adopted as to the right of the taxpayer to deduct the premium paid on redemption of its convertible debentures and the unamortized issue cost of the 1958 issue. However, we hold that these authorized deductions must be prorated or amortized over the life of the new debentures, and the trial court must be reversed on this issue by reason of the decision of the Supreme Court in Great Western Power Co. v. Commissioner of Internal Revenue, 297 U.S. 543, 56 S.Ct. 576, 80 L.Ed. 853.

In Great Western Power Co. v. Commissioner of Internal Revenue, the Court stated that it had been held the expenses and premiums were deductible in the year of retirement in instances of cash redemptions, whether the cash be obtained from sale of new issue or not, citing Helvering v. California Oregon Power Co., 64 App.D.C. 125, 75 F.2d 644; Helvering v. Union Public Service Co., 75 F.2d 723 (8th Cir.), and Helvering v. Central States Electric Corp., 76 F.2d 1011 (2d Cir.). The Court then said:

"The question then is whether, upon an exchange of one obligation for another which is to be retired, the transaction is to be viewed as if the retirement were accomplished by the payment of cash."

In the Great Western case the Court also said that the petitioner " * * * substituted a new obligation for the old." It did not say whether it made any difference whether the "substitution" was pursuant to a contractual provision in the old obligation or not. In the case before it the old bonds contained a provision for their exchange for a new issue on a stated basis. There was thus a contractual provision linking the new bonds with the old ones creating a relationship somewhat different from the one before us where there was no such link. However, it is important to note that the Court in Great Western did not discuss this question of a connection between the old and the new bonds although the Circuit Court did mention the point in distinguishing Commissioner of Internal Revenue v. Coastwise Transportation Corp., 62 F.2d 332; 71 F.2d 104 (1st Cir.). We must take the Great Western decision by its broad terms and by the absence of any exceptions in the face of Commissioner of Internal Revenue v. Coastwise Transportation Corp. to include instances where there was not a contractual connection between the old and the new issue, as in the case before us. It thus appears that Commissioner of Internal Revenue v. Coastwise Transportation Corp. cannot be regarded as authority for the trial court's position here, in view of the breadth of the Great Western decision. We thus hold that the premium and remaining issue expense deduction must be amortized or prorated over the life of the new issue.

The case is affirmed on the issue of the right to deduct the premium and expenses, but reversed as to how and when the deductions may be made. Reversed and remanded.