JEROME MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 4762-78.
United States Tax Court
T.C. Memo 1980-505; 1980 Tax Ct. Memo LEXIS 80; 41 T.C.M. (CCH) 358; T.C.M. (RIA) 80505; November 13, 1980, Filed *80 In 1974, P was employed as a computer operator. During the year, he was also enrolled in college courses. The courses did not maintain or improve P's skills as a computer operator, and they were not required as a condition of his employment. They were part of a course of study qualifying P for a new trade or business. Held, the educational expenses incurred by P, including any related traveling expenses, were personal expenses and not ordinary and necessary business expenses. Sec. 1.162-5, Income Tax Regs.Held, further, the tuition aid payments which P received from his employers were includable in his gross income. Jerome Morgan, pro se. Ronald A. Stein, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,289.07 in the petitioner's Federal income tax for 1974. The parties have settled one issue; the only issues remaining to be decided are: (1) Whether the tuition expenses and automobile expenses incurred by *82 the petitioner in taking college courses were ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954[1]; and (2) whether the tuition aid payments which the petitioner received from his employers were includable in his gross income. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Jerome Morgan, resided in Chicago, Ill., when he filed his petition in this case. With his wife, he filed a joint Federal income tax return for 1974 with the District Director of Internal Revenue, Chicago, Ill. From January 1, 1974, to June 10, 1974, the petitioner was employed as a computer operator at Honeywell, Inc., in Arlington Heights, Ill. From June 18, 1974, through December 31, 1974, the petitioner was employed as a computer operator at Aetna United Computer Services Corporation in Chicago, Ill. As a computer operator, the petitioner was called upon to perform mostly mechanical tasks. He mounted data tapes onto computers, pushed the correct buttons to start the machines, *83 and typed information into the machines when the machines requested it. As a computer operator, he needed no college training and was not required to have an in-depth understanding of computers or computer programs. During 1974, the petitioner attended Roosevelt University and Central YMCA Community College in Chicago. He took the following courses: Roosevelt University
Central YMCA
Introduction to Cost Accounting
Principles of economics (macro)
Research and communication
Systems analysis
Industrial management
Principles of economics (micro)
Marketing management I
Introduction to social
Income tax law and procedure
science II
Electronic data processing
Marketing
Internship
Business finance
Investments
Urban geography
Problems of the urban environment
Intermediate accounting
Programming Language I
Business and society
The petitioner's employers did not require him to be in school, and the courses in which the petitioner was enrolled were of little or no value to a computer operator. The courses in accounting and programming did increase his knowledge and understanding of computers, but a computer operator did not need such knowledge and *84 understanding. Only the course in electronic data processing was of any value in the performance of his duties as a computer operator. The courses which the petitioner took in 1974 were part of a course of study which led to his receiving in 1977 from Roosevelt University a bachelor of science degree in business administration with a major in accounting and a bachelor of general studies degree with a concentration in computer science. The petitioner's course of study qualified him to be a computer programmer. A computer programmer, unlike a computer operator, needs a thorough understanding of computers, and his work requires creativity and thought. Basically, a programmer writes the instructions under which computers operate. On February 1, 1978, the petitioner was hired by Montgomery Ward, Inc., as an electronic data processing auditor. His job was to insure that the company's computer records were accurate and that opportunities for fraud were minimized. In order to perform his job, a knowledge of computer programming was desirable and a knowledge of accounting was mandatory. The petitioner paid tuition of $3,770.00 in 1974. Both the petitioner's employers commonly *85 reimbursed their employees for a portion of the tuition paid by an employee for education if the education either improved the employee's performance in his current job or prepared him for a new job with the company. Under such tuition aid programs, the petitioner received payments totaling $1,795.02 in 1974. On his 1974 Federal income tax return, the petitioner reported that he had incurred tuition and automobile expenses in attending college of $3,676 and that he had received tuition aid payments from his employers of $1,400. He deducted the difference, $2,276, as a business expense. In his notice of deficiency, the Commissioner determined that the petitioner's educational expenses were not deductible, and as a result, he increased the petitioner's taxable income by $3,676. By an amended answer, the Commissioner claimed that the petitioner should have included the tuition aid payments in his income. However, in his brief, the Commissioner concedes that the increase attributable to the disallowance of the deduction should be only $2,276. OPINION We must decide first whether the tuition and automobile expenses incurred by the petitioner in 1974 were business expenses under *86 section 162(a).
Section 162(a) allows a deduction for all the ordinary and necessary expenses of carrying on a trade or business. On the other hand, section 262 expressly disallows a deduction for all personal expenses. Section 1.162-5, Income Tax Regs., sets forth criteria for distinguishing between those educational expenses which are business expenses and those which are personal. The regulations provide that educational expenses are business expenses if the education: (1) maintains or improves skills required by the individual in his employment or other trade or business, or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an estabished employment relationship, status, or rate of compensation. [Sec. 1.162-5(a), Income Tax Regs.] Even if the education meets these requirements, the regulations provide that if the education is required of the individual "in order to meet the minimum educational *87 requirements for qualification in his employment or other trade or business," or if the education "is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business," then the educational expenses are personal and not deductible. These criteria have been consistently approved and used by the courts in deciding whether educational expenses are deductible. See Davis v. Commissioner,65 T.C. 1014, 1017 (1976); O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. without pub. opinion 519 F.2d 1406 (7th Cir. 1975); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971). The facts of this case show clearly that under the regulations, the educational expenses incurred by the petitioner were personal expenses and not business expenses. First, the testimony of officials of the petitioner's employers establishes that the petitioner's employment was in no way conditioned on his receiving the education. Second, the Commissioner convincingly established at trial that the courses which the petitioner took in 1974 did not serve to maintain or improve his skills as a computer operator. *88 The director of computer sciences at Roosevelt University testified that of all the courses taken by the petitioner, only electronic data processing was relevant to a computer operator. Other witnesses testified that a computer operator needs only mechanical skills and that a knowledge of even computer programming and accounting is not helpful. The petitioner testified that all the courses he took helped him to be a better computer operator. However, his testimony was vague and conclusory, and we can accord it little weight. We are satisfied that the education received by the petitioner in 1974 did not maintain or improve his skills as a computer operator. Moreover, it is equally clear that the education was part of a program of study pursued by the petitioner which led to qualifying him in a new trade or business. The director of computer sciences at Roosevelt University testified that without education in accounting, the petitioner would not have been qualified to be an electronic data processing auditor. Also, the petitioner's education qualified him to be a computer programmer. The petitioner argues that a computer operator, computer programmer, and electronic data processing *89 auditor, all have the same trade or business, namely, data processing. However, the evidence clearly shows that the positions of computer programmer and electronic data processing auditor involve sharply different tasks and require sharply different skills and education than the position of computer operator. The mere fact that the three positions all involve computers does not, of course, mean that they are all in the same trade or business. That conclusion would be akin to reasoning that an automobile designer and an automobile assembly-line welder are in the same trade or business because both work with cars. Clearly, such conclusion cannot be made. See Davis v. Commissioner, supra; Glenn v. Commissioner, 62 T.C. 270 (1974). In summary, we are satisfied that the education which the petitioner received in 1974 was not required for his employment and did not maintain or improve his skills as a computer operator, and that the education also qualified him for a new trade or business. Accordingly, the petitioner's tuition expenses were personal *90 and not deductible. In support of his deduction of automobile expenses, the petitioner claimed that to atend the colleges, he incurred traveling expenses in addition to those required to commute to his places of employment and that he paid additional parking fees and tolls. However, since we have already concluded that his educational expenses were personal, it follows that his automobile expenses are not deductible. Compare Carlucci v. Commissioner, 37 T.C. 695 (1962). Moreover, he has the burden of proving that he incurred the alleged automobile expenses (Rule 142(a), Tax Court Rules of Practice and Procedure), and his proof is wholly inadequate. He had no records or other precise information to support his claim. He testified that he drove an automobile 8,000 miles during the year to attend college, but on this record, we are not convinced. The testimony is too general and vague to establish that any additional automobile expenses were incurred to attend college. The only other issue is whether the tuition aid payments which the petitioner received from his employers were includable in his gross income in 1974. *91 Section 61 provides that "except as otherwise provided in this subtitle, gross income means all income from whatever source derived * * *." Since the petitioner received the tuition aid payments from his employers because of his employment, the payments appear to be additional compensation. See Commissioner v. Lo Bue, 351 U.S. 243 (1956); Teitelbaum v. Commissioner, 294 F. 2d 541 (7th Cir. 1961), affg. a Memorandum Opinion of this Court, cert. denied 368 U.S. 987 (1962). Moreover, the petitioner has not argued that such payments come within any of the exclusions, and it is clear that they do not. There is no evidence of the detached and disinterested generosity required for a finding of a gift under section 102. See Commissioner v. Duberstein, 363 U.S. 278 (1960); Hornung v. Commissioner, 47 T.C. 428 (1967). Nor did the payments constitute a scholarship or fellowship under section 117; there is no evidence that the employers did not expect a substantial quid pro quo from the petitioner in return for the payments. See Adams v. Commissioner, 71 T.C. 477 (1978). *92 Finally, it is clear that the payments were not received under an educational assistance program qualifying under section 127, since that section only applies to taxable years beginning after 1978. The petitioner relies on Rev. Rul. 76-71, 1976-1 C.B. 308.However, his reliance is wholly misplaced. That ruling merely prescribes how employers and employees should treat amounts paid by employers to reimburse employees for educational expenses which are deductible business expenses under section 1.162-5, Income Tax Regs. The ruling held that employees need not report such payments unless the payments exceeded the amounts paid in tuition by the employees. The ruling nowhere stated or implied that an employee whose educational expenses were personal expenses was not required to report reimbursements received from his employer. Accordingly, we hold that the tuition aid payments received by the petitioner were includable in his gross income. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1974.↩