**In re PLACID OIL COMPANY, Debtor.**

**PLACID OIL COMPANY, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

Civ. A. No. 3–91–0331–G.
Bankruptcy No. 386–33419–HCA–11.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 27, 1991.

William Stephen Swayze, Jr., Kilgore & Kilgore, Khent Hancock Rowton, Dooley & Rucker, Dallas, TX, Michael J. Henke, Vinson & Elkins, Washington, DC, Henry W. Simon, Jr., William Lee White, Seymour Roberts, Jr., Simon Anisman Doby Wilson & Skillern, Ft. Worth, TX, William Douglas Wright, Law Office of William Douglas, Wright, Dallas, TX, for appellant.

Grover Hartt, III, Louise Hytken, U.S. Dept. of Justice, Tax Div., Dallas, TX, for appellee.

MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on appeal from two orders of the bankruptcy court (1) determining that certain professional fees and expenses paid by the debtor, Placid Oil Company ("Placid"), were nondeductible capital expenditures, and (2) disallowing Placid's deduction of a loss claimed in connection with the sale of certain license rights. The bankruptcy court correctly held that the burden of proving that the professional fees were deductible current expenses was upon Placid as the taxpayer and that Placid failed to satisfy its burden of making this proof, 140 B.R. 122.

The bankruptcy court was also correct (or at least has not been shown to have clearly erred) in finding that Placid acted as a conduit in the transaction out of which its claimed loss from the sale of license rights arose 140 B.R. 129. Placid's position as a conduit does not establish a loss for income tax purposes. *Commissioner of Internal Revenue v. Court Holding Co.,* 324 U.S. 331, 334, 65 S.Ct. 707, 708, 89 L.Ed. 981 (1945); *Kuper v. Commissioner of Internal Revenue,* 533 F.2d 152, 155–57 (5th Cir.1976). The disallowance of the claimed loss is therefore supported both by the evidence and the law.

For the reasons stated, the orders of the bankruptcy court are AFFIRMED.

SO ORDERED.