United States Court of Appeals,

Fifth Circuit.

No. 92-1005.

In the Matter of PLACID OIL CO., Debtor.

PLACID OIL COMPANY, Appellant,

v.

INTERNAL REVENUE SERVICE, Appellee.

April 15, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA and GARWOOD, Circuit Judges, and ROSENTHAL, District Judge.[*]*

ROSENTHAL, Distct Judge:

Placid Oil Company ("Placid") appeals from decisions of the United States Bankruptcy Court for the Northern District of Texas and United States District Court for the Northern District of Texas, raising two issues:

(1) whether the courts below erred in holding that Placid could not deduct the legal and accounting fees it incurred for ordinary and necessary business operations during the bankruptcy because Placid failed to prove the amount of the fees with sufficient specificity;  and

(2) whether the courts below erred in holding that Placid must capitalize all professional fees and expenses incurred in connection with the bankruptcy without analyzing the underlying transactions to determine whether the fees and expenses were currently deductible or amortizable over the term of the underlying transaction or activity.

For the reasons stated below, this court REVERSES the courts below and REMANDS this case for further proceedings consistent with this opinion.

Background

Placid operates oil and gas interests both domestically and abroad.  In 1983, Placid and certain

---

[*]District Judge of the Southern District of Texas, sitting by designation.

wholly-owned subsidiaries borrowed approximately $1 billion. In 1985, Placid began attempting to restructure these loans. A year later, Placid filed two lawsuits seeking to restructure its debt. In August 1986, the lending banks began foreclosure proceedings against Placid. On August 29, 1986, Placid filed suit under Chapter 11 of the Bankruptcy Code to protect its assets from foreclosure by restructuring its bank debt.

Placid emerged from bankruptcy in mid-1988. The Bankruptcy Court confirmed Placid's plan of reorganization on September 30, 1988. In connection with the confirmation, Placid's lawyers and accountants submitted detailed fee applications to the Bankruptcy Court, which included billing statements and descriptions of the professional services rendered. The Bankruptcy Court approved the payment of over $7 million in professional fees and expenses that Placid incurred during 1986 and 1987. Placid in turn deducted these fees and expenses on its tax returns. Some were for bankruptcy-related matters; many were for matters unrelated to the bankruptcy.

In mid-1988, Placid filed a motion in the Bankruptcy Court to determine its 1986 and 1987 federal income tax liability under 11 U.S.C. § 505. In December 1988, the IRS filed administrative claims for federal income taxes that Placid allegedly owed for 1986 and 1987. The IRS administrative claim focused on two issues, only one of which is now before this court: whether Placid could deduct certain professional fees and expenses paid in 1986 and 1987.

On May 3, 1989, Placid filed its initial brief before the Bankruptcy Court on the issue of its right to deduct professional fees and expenses. The Bankruptcy Court heard argument in March 1990, and on May 15, 1990, issued its Second Revised Memorandum and Opinion. The Bankruptcy Court ruled that Placid was not entitled to any deductions for bankruptcy-related or for ordinary and necessary professional fees and expenses rendered during the bankruptcy proceedings.

The Bankruptcy Court opinion held that Placid failed to satisfy its initial burden of production to rebut the IRS' *prima facie* case. The Bankruptcy Court stated as follows:

> Placid has not provided the Court with enough information to categorize the fees and expenses of the debtor's professionals. Specifically, Placid has not properly defined categories of reorganization expenses versus ordinary expenses.... Placid has failed to meet its burden of production because it has not provided the Court with enough data indicative of Placid's proper segregation of bankruptcy-related capital expenses from the ordinary business expenses.

*In re: Placid Oil Co.,* 140 B.R. 122, 129 (Bankr.N.D.Tex.1990).  The United States District Court for the Northern District of Texas summarily affirmed the Bankruptcy Court's ruling that Placid did not satisfy its "burden of proving the professional fees were deductible current expenses." *In re: Placid Oil Co.,* 148 B.R. 464, 464 (N.D.Tex.1991).

On this appeal, t he IRS admits that the effect of the ruling below is to disallow some deductible professional fees and expenses.  However, the IRS seeks to uphold the rulings as to the bankruptcy-related and non-bankruptcy-related fees and expenses on the ground that Placid did not present sufficiently specific evidence as to the amounts of the deductions.

Burden of Proof

The Bankruptcy Court, the District Court, and Placid all agree on the applicable burden of proof for the claim objection in the Bankruptcy Court.  Once the IRS filed its proof of claim, it created a *prima facie* case as to the validity and amount of the claim.  Placid then had the burden to produce sufficient evidence that its professional fees and expenses qualified for ordinary and necessary business expense deductions to rebut the *prima facie* case.  If Placid produced such evidence, the burden would shift back to the IRS to show by a preponderance of the evidence that Placid's professional fees and expenses were not deductible.  The IRS had the ultimate burden of proof.  *In Re:  Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir.1988).

The IRS agreed with Placid and with the courts below that Placid was entitled to deduct professional fees and expenses that Placid would have incurred regardless of the bankruptcy.  The issue is whether Placid met its burden of producing sufficient evidence as to such fees and expenses to rebut the IRS' *prima facie* case.  If so, the IRS "must produce additional evidence to prove "the validity of the claim by a preponderance of the evidence.' "  *In Re:  Fidelity Holding Co., Ltd.,* 837 F.2d at 698.  Once both parties have presented such evidence, the issue is then whether the fees and expenses were currently deductible as an "ordinary and necessary expense";  amortizable as an expense relating to an underlying transaction or occurrence with a useful life over which the fee or expense can be spread;  or allocated to basis as a fee or expense that relates to a transaction or occurrence which has no useful life.  *See, generally,* Mertens Law of Federal Income Taxation, §§

25.35-.37; 25.45-.47; 25.56-.58 (1990).

## Standard of Review

Courts of appeal set aside a bankruptcy court's factual findings when such findings are clearly erroneous; however, courts of appeal apply a *de novo* review to a bankruptcy court's legal conclusions. *In the Matter of Luce,* 960 F.2d 1277, 1280 (5th Cir.1992); *In the Matter of Nicholas,* 956 F.2d 110, 111 (5th Cir.1992). In deciding whether a lower court erred in determining that a party failed to satisfy its burden of proof, a reviewing court applies the clearly erroneous standard. *Bartmess v. Federal Crop Ins. Corp,* 845 F.2d 1258, 1261 (5th Cir.1988); *McDaniel v. Temple Indep. School Dist.,* 770 F.2d 1340, 1346-47 (5th Cir.1985); *Tulia Feedlot, Inc. v. United States,* 513 F.2d 800, 806-07 (5th Cir.), *cert. denied,* 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975). A reviewing court may set aside a lower court's finding when the reviewing court has a " "firm and definite conviction that a mistake has been committed.' " *McDaniel,* 770 F.2d at 1347 (quoting *Oil, Chemical and Atomic Workers Int'l Union v. Ethyl Corp.,* 703 F.2d 933, 935 (5th Cir.1983)); *Bartmess,* 845 F.2d at 1261; *Tulia Feedlot,* 513 F.2d at 806-07.

## Placid's Evidence as to its Professional Fees and Expenses

Placid provided the Bankruptcy Court with different kinds of evidence as to the bankruptcy-related and nonbankruptcy fees and expenses it paid its lawyers and accountants. The Bankruptcy Court had the fee applications themselves, with detailed descriptions of the nature of the services performed and the corresponding fee amounts. Placid took the fees and expenses of its primary outside law firm, two other law firms, and two accounting firms, and allocated those into three categories: substantive bankruptcy-related fees and expenses; procedural bankruptcy-related fees and expenses; and "claims, operations, etc.," which encompassed ordinary business transactions and ongoing business operations.

Placid admits that it cannot establish the precise amounts of all the nonbankruptcy professional fees and expenses it sought to deduct. However, many of the professional billings are broken down by specific matters, such as the defense of cases in which Placid had been sued. As to these matters, there appears to be little question as to the amounts or the nature of the underlying transaction or

event.  Other professional billings for fees and expenses are not broken down into specific items. Placid's allocations estimated the amounts of fees and expenses attributable to these matters.  Placid also provided supporting evidence as to the amounts and as to the nature of the underlying transactions in the fee applications that the Bankruptcy Court had already considered and approved.

This court holds that Placid did provide enough information to meet its burden and shift the final burden of disallowing the claimed deductions to the IRS.  The Bankruptcy Court should have considered the evidence as to the existence and amounts of the professional fees and expenses at issue.  The evidence was sufficient to meet the IRS' *prima facie* case of nondeductibility and shift back to the IRS the burden of proving that the nonbankruptcy fees and expenses be disallowed.  In particular, the three-part chart broke down the professional fees and expenses into categories that are capable of being allocated among currently deductible expenses, amortizable capital expenses, and expenses that must be allocated to basis.[**]  *See, e.g.,* Record Vol. 2, Exs. 2-5, pp. 50-57.

---

[**]These categories are:

        1. Bankruptcy Reorganization

            a. Preparation of the Plan

            b. Participation in hearings on the Plan

            c. Participation in Confirmation of the Plan

            d. Defense against Motion to Strike the Plan

            e. Analysis of Adequate Protection

            f. Substantive Consolidation of Subsidiaries

            g. Equitable recast

        2. Bankruptcy Proceedings

            a. Preparation of Disclosure Statement and Schedules

            b. Executory Contracts—acceptance or rejection

            c. Employment and payment of consultants, attorneys, accountants, etc.

            d. Court Procedures not related to claims

(continued...)

The Supreme Court recently reiterated that the " "decisive distinctions' between current expenses and capital expenditures are "those of degree and not of kind' " and that each case must be decided according to its specific facts. *Indopco, Inc. v. Commissioner of Internal Revenue,* --- U.S. ----, ----, 112 S.Ct. 1039, 1044, 117 L.Ed.2d 226 (1992). In deciding whether a particular fee or expense should be considered deductible, the Bankruptcy Court should consider a mix of factors, including (1) the nature of the fee or expense; (2) the relationship between the fee or expense and the reorganization; (3) the person or entity who incurred the expense; (4) the form and structure of the particular transaction; (5) whether the transaction was actually consummated; and (6) the ability of the taxpayer to identify with reasonable exactitude the functional steps of the reorganization to which the fees and expenses relate. Boris I. Bittker & James S. Eustice, Federal Income Taxation of Corporations and Shareholders, ¶ 5.06, 5-34 (5th ed. 1987); *see, e.g., Woodward v. Commissioner of Internal Revenue,* 397 U.S. 572, 575-79, 90 S.Ct. 1302, 1305-07, 25 L.Ed.2d 577 (1970) (examining nature of the claim and relationship of the expenses to the transaction); *United States v. Hilton Hotels Corporation,* 397 U.S. 580, 583-85, 90 S.Ct. 1307, 1309-10, 25 L.Ed.2d 585 (1970).

The Bankruptcy Court concluded that all Placid's professional fees and expenses incurred during bankruptcy were to be capitalized to an intangible asset, without the benefit of amortization.

---

[**](...continued)
    e. Exclusivity period

   3. Claims, Operations, Etc.

      a. Communications with creditors

      b. Accounts reconciliation

      c. Billings, except fee applications

      d. Enforcement of Placid Claims

      e. Defense of Claims against Placid

      f. Cash Collateral

      g. Sale of Assets

      h. Ongoing business operations

The Bankruptcy Court reached this conclusion in part by finding that *certain* fees and expenses were capital expenses, but then ruling that these expenses could not be segregated from nondeductible fees and expenses. On remand, the Bankruptcy Court should not bind itself by a sweeping characterization that Placid's bankruptcy proceedings were "in substance" a "reorganization," with the result that all Placid's bankruptcy-related fees and expenses must be capitalized to an intangible asset without amortization. I.R.C. § 368. On remand, the Bankruptcy Court should analyze all the fees and expenses to identify them as: 1) currently deductible; 2) amortizable over the period of the useful life of the underlying transaction or event; and 3) allocated to nonamortizable intangible assets. *See The Denver & Rio Grande Western Railroad Co. v. Commissioner of Internal Revenue,* 32 T.C. 43, 51-52 (1959), *aff'd,* 279 F.2d 368 (10th Cir.1960); *see also, Woodward,* 397 U.S. at 575-79, 90 S.Ct. at 1304-07; *Hilton Hotels,* 397 U.S. at 583-85, 90 S.Ct. at 1308-09; *Great Western Power Co. of California v. Commissioner of Internal Revenue,* 297 U.S. 543, 546-47, 56 S.Ct. 576, 577, 80 L.Ed. 853 (1936). For example, professional fees and expenses that are related to restructuring a specific debt and therefore conferred a specific long-term benefit are to be capitalized with an amortization period equivalent to the useful life of that underlying transaction. Included in the Bankruptcy Court's task on remand is to distinguish between professional fees and expenses for initiating and administering the bankruptcy proceedings, as opposed to those fees and expenses that are directly related to a particular asset or debt transaction.

Given the evidence Placid presented to the Bankruptcy Court, this court is left with the firm conviction that the Bankruptcy Court erred in holding that Placid did not sustain its burden to rebut the IRS's *prima facie* case. Because it was error to hold that Placid did not sustain its burden, this court REVERSES and REMANDS. On remand, the Bankruptcy Court is ordered to reexamine the record to segregate among currently deductible, amortizable, and nonamortizable professional fees and expenses for the 1986 and 1987 tax returns. If necessary, the Bankruptcy Court should allow the parties an opportunity to supplement the record to provide a more detailed categorization of fees and expenses, as outlined above.

REVERSED AND REMANDED.